OPINION
{¶ 1} This is an appeal by defendant-appellant, Leon Miller, from a judgment of the Franklin County Court of Common Pleas, revoking appellant's probation and imposing a prison sentence.
 {¶ 2} On July 28, 1999, appellant was indicted on one count of possession of cocaine and one count of carrying a concealed weapon. Appellant subsequently entered a guilty plea to the charge of carrying a concealed weapon. By judgment entry filed on February 4, 2000, the trial court found appellant guilty of carrying a concealed weapon, and ordered that a nolle prosequi be entered as to the other count of the indictment. The court imposed a sentence of community control for two years.
 {¶ 3} On June 22, 2001, the trial court filed an entry declaring appellant an absconder. By entry filed July 11, 2003, the court ordered appellant to complete a 60-day work release program. On September 18, 2003, appellant's probation officer filed a motion requesting that appellant's probation be revoked based upon alleged violations, including information that appellant "was terminated from the Work Release program due to a physical confrontation with another inmate."
 {¶ 4} The trial court conducted a hearing on October 1, 2003. At the hearing, Nancy Westhoven, a supervisor with the Franklin County work release program, testified that she witnessed appellant and another inmate, Georgio Payne, involved in a confrontation. Specifically, on September 9, 2003, Westhoven heard profanity coming from a dorm room, and, when she entered the room, appellant "was in the middle coming towards Georgio screaming and hollering." (Tr. 5.) Appellant told Payne, "I will fuck you up." (Tr. 5.) At the time, an inmate named Baker was restraining Payne. Westhoven entered the dorm room accompanied by Clarence Cremeans, a resident advisor. Cremeans observed that both of the inmates "had their hands up as being confrontational." (Tr. 11.) At that point, the staff separated the two inmates.
 {¶ 5} Appellant was upset because the other inmate had made disparaging comments about appellant's niece. Westhoven stated that inmates are not permitted to raise their voice, use profanity or engage in confrontations with other residents, such actions being in violation of work release rules.
 {¶ 6} Appellant testified on his own behalf, and stated he was initially scheduled to begin work release on July 14, 2003, but that he turned himself in on July 11, so he "would be able to go to work on time." (Tr. 15.) Appellant testified that, on the date of the incident, September 9, he was awakened at 9:00 a.m. and told to clean the dormitory. As he was mopping the floor in the dorm room, the television set was on, and he noticed that his niece was on the "Jerry Springer Show." Appellant heard Payne making remarks about his niece, and appellant told him to stop. According to appellant, Payne stated that he was going to "F me up," so appellant "started yelling the same thing back at him." (Tr. 19.) At that point, Westhoven and Cremeans entered the room. On cross-examination, appellant acknowledged that loud confrontations and the use of profanity constituted violations of the work release rules.
 {¶ 7} By entry filed on October 3, 2003, the trial court revoked appellant's probation and sentenced him to 12 months incarceration.
 {¶ 8} On appeal, appellant sets forth the following single assignment of error for review:
The finding that the defendant violated his community control was not proven by substantial evidence.
 {¶ 9} Appellant's primary contentions on appeal are that he completed his 60-day work release program prior to the incident at issue, and that he did not violate the terms of his community control by getting into a physical confrontation with another inmate.
 {¶ 10} In a probation revocation hearing, the state has the burden of proving, by a preponderance of the evidence, that the defendant violated a condition of probation. State v. Parker,
Stark App. No. 2002CA00273, 2003-Ohio-1148, at ¶ 7. The trial court is to consider the credibility of the witnesses and to make a determination based on substantial evidence, and a trial court's decision to revoke probation will not be disturbed on appeal absent an abuse of discretion. Id.
 {¶ 11} At the outset, we note that the record does not support appellant's contention that the incident took place beyond the 60-day work release period imposed by the trial court. Specifically, in its July 11, 2003 entry, ordering appellant to complete 60 days in the work release program, the court set an "enforcement date of July 14, 2003." During the hearing on October 1, 2003, the trial court noted that it had previously "ordered him [appellant] to appear on July 14th to serve sixty days," and that appellant was not told to arrive for work release on July 11. (Tr. 23.) Thus, based upon an enforcement date of July 14, 2003, appellant's 60-day work release period would not have expired prior to the incident on September 9, 2003.
 {¶ 12} Appellant also contends that his due process rights were violated because he did not receive proper notice of the alleged violation. Specifically, appellant argues that, while the request for revocation provided notice that he was terminated from the work release program due to a "physical confrontation," there was no evidence at the hearing of any physical contact between him and the other inmate. Appellant argues that it was a violation of due process for the state to present evidence that he violated work release rules for loud noise or profane language where he was not properly notified that such actions constituted a violation of his work release. We disagree.
 {¶ 13} Even assuming that we accept appellant's argument that a "physical confrontation" necessarily implies physical contact, we are not persuaded that the notice he received was unfair or constitutionally deficient. In general, minimum due process requirements in a parole revocation proceeding include written notice of the claimed violations of parole. Block v.Littlefield (July 28, 1992), Pickaway App. No. 91CA34, citingMorrissey v. Brewer (1972), 408 U.S. 471, 489, 92 S.Ct. 2593. However, the process due a defendant in a probation revocation proceeding is less formal than "the full panoply of rights" afforded at a criminal trial, because "revocation of parole is not part of a criminal prosecution." Id., at 480. Thus, courts have held that "[t]echnical errors in the parole revocation process do not rise to the level of a constitutional issue, and a parolee must show prejudice before we will find a due process violation." Linton v. Walker (C.A. 6, 2001), 26 Fed.App. 381, 383. See, also, Martineau v. Perrin (C.A. 1, 1979),601 F.2d 1201, 1205 (while complaint may have been carelessly worded, petitioner had actual notice of substance of charges; thus, technical and non-prejudicial variances between written notice and parole board's finding of violations did not violate due process).
 {¶ 14} In the present case, one of the conditions of appellant's probation was the successful completion of a 60-day work release program. Prior to the hearing, appellant received written notice from the probation officer that revocation was sought on the basis that appellant had been terminated from the work release program, before completing 60 days of work release, for an alleged confrontation with another inmate. Although the request for revocation noted a "physical" (as opposed to "verbal") confrontation, the record of the hearing does not suggest that appellant was surprised or unaware of the nature of the alleged parole violation, and appellant has not shown prejudice as a result of the notice received. As noted by the state, appellant's own testimony makes clear that he was aware of the incident cited, and he admitted that his conduct constituted a violation of the work release rules. Further, during the revocation hearing, appellant presented evidence and cross-examined witnesses regarding the incident, and we conclude that the record shows appellant was afforded the type of due process required under the law.
 {¶ 15} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Klatt and Watson, JJ., concur.