OPINION
{¶ 1} Defendant-appellant, Kelly Lennie Kincer, appeals his conviction in Clermont County Court of Common Pleas for the offense of interference with custody. We affirm the conviction for the reasons outlined below.
 {¶ 2} Appellant was charged in 2002 with the fifth-degree felony of interference with custody, under R.C. 2919.23(A)(1), after he transported a 16-year-old female ("J.J.") from her workplace in Ohio to his home in Kentucky, overnight, without the permission of her parents.
 {¶ 3} Appellant was found guilty by a jury in 2004 and sentenced accordingly. He presents five assignments of error in this appeal.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE JUDGMENT OF CONVICTION IS CONTRARY TO LAW AND TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES IN THAT THERE WAS INSUFFICIENT EVIDENCE ADDUCED TO ESTABLISH EACH AND EVERY ELEMENT OF EACH OFFENSE BEYOND A REASONABLE DOUBT."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "THE JUDGMENT OF CONVICTION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} Appellant combines both assignments together and specifically argues that there was insufficient evidence that appellant knew he was without privilege to entice, take, keep or harbor J.J. or that he was reckless in regard to his privilege, and that his conviction was against the manifest weight of the evidence on the issue of appellant's knowledge or recklessness.
 {¶ 9} In resolving the sufficiency of the evidence argument, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus.
 {¶ 10} In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required to reverse a judgment of a trial court on the weight of the evidence in a jury trial. Thompkins at 389.
 {¶ 11} R.C. 2919.23(A)(1) states that "[n]o person, knowing the person is without privilege to do so or being reckless in that regard, shall entice, take, keep, or harbor a person identified in division (A)(1), (2), or (3) of this section from the parent, guardian, or custodian of the person identified in division (A)(1), (2), or (3) of this section: (1) A child under the age of eighteen, or a mentally or physically handicapped child under the age of twenty-one; * * *." R.C. 2919.23(D)(2) states that if the child is removed from the state, a violation of the division is a felony of the fifth degree.
 {¶ 12} According to R.C. 2901.01(A)(12), "`[p]rivilege' means an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity."
 {¶ 13} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).
 {¶ 14} Addressing appellant's specific argument on appeal, we note that there was abundant testimony, including appellant's admission, that appellant picked up J.J. from Ohio and drove her to his home in Kentucky and returned her to her place of employment in Ohio some 17 hours later.
 {¶ 15} J.J.'s parents testified that appellant did not have permission to take J.J. The parents testified that they believed their daughter was going to work when they left her at her place of employment, and they spent the overnight hours looking for J.J., after they called her work and were informed she was not there and had not been scheduled to work. After they were unsuccessful in locating J.J., the parents called the police. Law enforcement authorities were waiting at J.J.'s place of employment when appellant brought J.J. back to her workplace that afternoon.
 {¶ 16} J.J. testified that she told appellant during one of their initial contacts that she was 16 years of age. The girl also testified that she knew appellant was 26 years old at the time and that she and appellant hid their relationship from her parents.
 {¶ 17} There was also evidence that will be more extensively discussed in another assignment of error that appellant had previous internet contact with J.J.'s minor sister, and had been instructed by law enforcement not to have any further contact with J.J.'s sister ("sister"), and with the "Jennings"[1] family.
 {¶ 18} Construing the evidence most favorably for the state on the sufficiency challenge, we find that a rational jury could have found the element of knowledge or recklessness and the other essential elements of the crime of interference with custody beyond a reasonable doubt.
 {¶ 19} For purposes of the manifest weight of the evidence review, in addition to the evidence previously discussed, the state also presented evidence from J.J.'s parents that they were unaware of appellant's relationship with their daughter.
 {¶ 20} Appellant emphasized to the jury that J.J. had testified in a previous hearing that she told appellant and his mother that she was 18 years of age. Both appellant and his mother testified that they were told by J.J. that she was 18 years old and worked as a nurse. Appellant also testified that his relationship with J.J. was only a friendship, that their contact was much less frequent than J.J. had indicated, and that J.J. instigated the contact on the night in question and willingly spent the night in Kentucky.
 {¶ 21} J.J. testified that appellant had coached her in her testimony for the previous hearing, that she believed she loved appellant at the time, and therefore, she lied at the previous hearing to protect appellant.
 {¶ 22} We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus. The jury may believe or disbelieve any witness or accept part of what a witness says and reject the rest. State v. Antill (1964),176 Ohio St. 61, 67.
 {¶ 23} The jury believed that appellant knew that J.J. was under 18 years of age and knew he was without privilege from J.J.'s parents to take, keep, or harbor J.J. in another state, or was reckless in that regard. We find that the jury did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Appellant's first and second assignments of error are overruled.
 {¶ 24} Assignment of Error No. 3:
 {¶ 25} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ART. I. § 16 OF THE OHIO CONSTITUTION, IN OVERRULING APPELLANT'S PRETRIAL MOTION IN LIMINE, IN ADMITTING PREJUDICIAL, INADMISSIBLE EVIDENCE, OVER OBJECTION, AT THE TRIAL, AND IN PERMITTING THE PROSECUTION TO ARGUE EVIDENCE WHICH OUGHT TO HAVE BEEN EXCLUDED (T.P.280)."
 {¶ 26} Appellant's specific argument focuses on the trial court's refusal to grant his motion in limine and the trial court's subsequent admission of evidence and argument that appellant had been previously told by Clermont County law enforcement not to have contact with J.J.'s younger sister, who was less than 14 years of age at the time, and not to have contact with the Jennings family.
 {¶ 27} In order to preserve the error in a ruling on a motion in limine, the evidence must be presented at trial, and a proper objection lodged. State v. Brown (1988), 38 Ohio St.3d 305, paragraph three of syllabus. An appellate court will then review the correctness of the trial court's ruling on the objection rather than the in limine ruling.State v. Davis, Stark App. No. 2003 CA 429, 2004-Ohio-7056, ¶ 26.
 {¶ 28} The trial court enjoys broad discretion in admitting or excluding evidence. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of syllabus. An appellate court will not disturb the trial court's decision absent a showing that the accused has suffered material prejudice. Id. at 182.
 {¶ 29} Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. Evid.R. 404(B).
 {¶ 30} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." R.C. 2945.59. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, or confusion of the issues, or of misleading the jury. Evid.R. 403(A).
 {¶ 31} Evidence was admitted that a female minor named "Cammy" introduced J.J.'s sister to appellant over the internet. Evidence was also presented that J.J.'s contact with appellant began over the phone and that this contact involved J.J. and a minor female named "Cammy." The fact that both J.J. and her minor sister began their contact with appellant with the participation of Cammy would provide a connection between the contact with J.J.'s sister, the admonition to avoid contact with the Jennings family, and appellant's knowledge regarding his privilege as it concerned his contact with J.J.
 {¶ 32} We find that testimony that appellant was previously cautioned to avoid contact with the family of which J.J. was a member is some evidence of appellant's knowledge, intent, motive, or absence of mistake regarding his privilege to take, keep, or harbor J.J. from her parents, and, some evidence of appellant's knowledge, intent, motive, or absence of mistake regarding J.J.'s status as a child under the age of 18.
 {¶ 33} The record indicates that the trial court narrowly tailored the scope of the evidence admitted regarding the police admonition given to appellant, and instructed the jury on the limited purpose for which the evidence should be considered. We cannot say that the trial court abused its discretion in admitting the evidence for this limited purpose and in permitting the references to this evidence in opening and closing arguments. Accordingly, we do not find that appellant's due process rights were violated, and appellant's third assignment of error is overruled.
 {¶ 34} Assignment of Error No. 4:
 {¶ 35} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ART. I. § 16 OF THE OHIO CONSTITUTION BY ERRONEOUSLY ADMITTING IRRELEVANT PREJUDICIAL EVIDENCE AGAINST APPELLANT, AND IN DENYING ADMISSION TO RELATIVE, [sic] PROBATIVE, [sic] EVIDENCE PROPOUNDED BY APPELLANT IN HIS OWN DEFENSE."
 {¶ 36} Appellant repeats his previous argument that evidence about his prior contact with J.J.'s sister and the police admonition that he not contact the family was erroneously admitted by the trial court. We have previously found no abuse of discretion by the trial court in its decision to admit for a limited purpose the evidence that appellant was previously cautioned to stay away from the family of J.J. after he had some contact with J.J.'s younger sister. See Evid.R. 401, Evid.R. 402, Evid.R. 403, and Evid.R. 404(B).
 {¶ 37} Appellant also argues that it was error for the trial court to sustain as hearsay an objection to a question posed to J.J.'s mother as to whether J.J. had ever previously "misinformed" her about her daughter's plans or whereabouts.
 {¶ 38} Upon review of the record, we find that the trial court's decision to exclude the question was correct. In addition, J.J. freely testified that she hid her relationship with appellant from her parents, and J.J.'s parents reinforced the fact that the relationship was not disclosed to them. Further, J.J. admitted on the witness stand that she had previously lied under oath. It was clearly conveyed to the jury, who was determining witness credibility, that J.J. had not been truthful or had misinformed her parents on previous occasions.
 {¶ 39} As we previously noted, trial courts have broad discretion in the admission of evidence. As such, this court will not disturb the decision of the trial court absent an abuse of discretion and a showing that defendant has been materially prejudiced. State v. Sage,
31 Ohio St.3d at paragraph two of syllabus, and at 182.
 {¶ 40} Assignment of Error No. 5:
 {¶ 41} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS MOTION TO DISMISS THE INDICTMENT ON DOUBLE JEOPARDY GROUNDS."
 {¶ 42} Appellant argues that the prosecutorial conduct that occurred in his previous trial was so egregious that his original conviction was reversed, and when it can be argued that the prosecutor's conduct was intended to goad the defense "into demanding a mistrial," the double jeopardy clause prohibits a second trial.
 {¶ 43} The double jeopardy protections afforded by both the federal and the state Constitutions guard citizens against successive prosecutions for the same offense. State v. Rance, 85 Ohio St.3d 632, 634,1999-Ohio-291.
 {¶ 44} The U.S. Supreme Court in Oregon v. Kennedy (1982), 456 U.S. 667,675-676, 102 S.Ct. 2083, held that where a defendant asks for, and receives, a mistrial based on prosecutorial misconduct, the Constitution bars his retrial if the prosecutor's misconduct was calculated to goad the defendant into seeking a mistrial.
 {¶ 45} Here, appellant's previous conviction was reversed on appeal after this court found prosecutorial misconduct denied appellant a fair trial. Retrial for the same offense after reversal of a prior conviction on appeal does not constitute a violation of the constitutional provision prohibiting double jeopardy; a reversal of a judgment in a criminal case merely places the state and the defendant in the same position as they were in before trial. State v. Liberatore (1982), 69 Ohio St.2d, paragraph two of syllabus; see also, Oregon v. Kennedy, 456 U.S. 667, at footnote 6.
 {¶ 46} It is a fundamental, long-settled principle that a successful appeal of a conviction precludes a subsequent plea of double jeopardy.State v. Keenan, 81 Ohio St.3d 133, 141, 1998-Ohio-459 (case involved retrial after prosecutorial misconduct was found in first trial). The crucial difference between re-prosecution after appeal by the defendant and re-prosecution after a mistrial is that with the reversal on appeal, the defendant was not deprived of his option to go to the jury and end the matter with a possible acquittal. Id., at 142; see also, State v.Smith (Nov. 3, 2000), Hamilton App. No. C-990689.
 {¶ 47} Accordingly, we find no error in the trial court's decision to deny appellant's pretrial motion to dismiss his indictment on double jeopardy grounds. See State v. Tobert, Hamilton App. No. C-010700, 2003-Ohio-675, ¶ 14.[2] Appellant's fifth assignment of error is overruled.
 {¶ 48} Judgment affirmed.
Walsh, P.J., and Young, J., concur.
[1] We will use "Jennings" as the name of J.J.'s family in this opinion.
[2] An appellate court should accord great deference to the trial court's findings regarding the intent of the prosecutor to cause a mistrial. State v. Tobert, 2003-Ohio-675, ¶ 14. The trial court in this case made the finding that the prosecutor in appellant's initial trial did not intentionally commit errors to taint the verdict. While our resolution of the fifth assignment of error renders such a determination superfluous, we have reviewed the trial court's decision on this issue and find no error in its conclusion that the misconduct in the first trial did not bar a retrial.