OPINION
{¶ 1} Defendant-appellant, Kelly Lennie Kincer, appeals his sentence imposed in the Clermont County Court of Common Pleas after he violated the terms of his community control sanction.
 {¶ 2} In 2002, appellant was convicted of interference with custody, in violation of R.C. 2919.23(A)(1), after a jury trial. In State v. Kincer, Clermont App. No. CA2002-11-095, 2003-Ohio-4459 ("Kincer I"), this court reversed appellant's conviction, and remanded the matter for a new trial. After a second jury trial, appellant was convicted for the same offense, and sentenced to a 30-day term of incarceration in the Clermont County Jail and five years of community control. This court affirmed appellant's conviction in State v. Kincer, Clermont App. No. CA2004-06-048, 2005-Ohio-5626 ("Kincer II").
 {¶ 3} While Kincer II was pending and while on community control, appellant was found to have violated the terms of his community control sanction, and the trial court sentenced him to a 12-month term of incarceration in prison. Appellant appeals his sentence, raising four assignments of error. For the purpose of clarity, we discuss appellant's assignments of error out of order.
 {¶ 4} In appellant's third and fourth assignments of error, he essentially argues there was insufficient evidence to support the trial court's finding that he violated the conditions of his community control sanction. We disagree.
 {¶ 5} A community control revocation hearing is not a criminal trial, so the state is not required to establish a violation of the terms of community control "beyond a reasonable doubt." State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916, citing State v. Hylton (1991),75 Ohio App.3d 778; State v. Tranter (Mar. 26, 2001), Clermont App. No. CA2000-05-035. Instead, the quantum of evidence required to establish a violation and revoke a community control sanction must be "substantial."[1] Id., citing Hylton at 782;Tranter at 7. In a community control violation hearing, the trial court must consider the credibility of the witnesses and make a determination based on substantial evidence. Miller,
Franklin App. No. 03AP-1004, 2004-Ohio-1007. A trial court's decision finding a violation of community control will not be disturbed on appeal absent an abuse of discretion. Id.
 {¶ 6} In support of his argument, appellant maintains the evidence supporting the trial court's decision is wholly comprised of inadmissible evidence. However, Evid.R. 101(C) expressly provides that the Rules of Evidence do not apply to community control sanctions proceedings.
 {¶ 7} At the hearing, Adult Probation Officer Jennifer Rattenbury testified that she informed appellant of the conditions of his community control sanction, which included requirements that he obey all federal, state, and local laws, and that he was not be in contact with any minors or possess any type of pornographic material. Officer Rattenbury explained that she learned from a Kentucky police officer that appellant had been arrested for an incident involving his contact with a 15-year-old girl, and that the officers had obtained pornographic videos from appellant's home. When Officer Rattenbury questioned appellant, he admitted that he had been convicted of the offense involving the girl, and that he was in possession of pornographic material. After hearing direct and cross-examination testimony of Officer Rattenbury, the trial court found that appellant was in violation of the terms of his community control sanction and imposed a 12-month prison sentence.
 {¶ 8} Upon review of the record, we agree with the trial court's decision. In finding Officer Rattenbury's testimony admissible, the trial court properly noted that the rules of evidence do not apply to community control proceedings, and appropriately permitted appellant to cross-examine the state's witness. Further, the trial court properly found that a certified copy of a Kentucky court document relating appellant's criminal conviction was admissible pursuant to Evid.R. 902(1) as a self-authenticating document bearing the seal of the Commonwealth of Kentucky.[2] Accordingly, we find the trial court did not abuse its discretion in finding that appellant violated the terms of his community control for failing to obey the laws of Kentucky, for being in contact with a minor, and for possessing pornographic material. Appellant's third and fourth assignments of error are overruled.
 {¶ 9} In appellant's second assignment of error, he argues the trial court committed prejudicial error in considering victim impact testimony from the post-remand sentencing. Appellant maintains this testimony exceeded the boundaries set out in R.C.2947.051, which governs victim impact statements for use in sentencing.
 {¶ 10} Initially, we note that the victim's mother testified at the sentencing hearing where the trial court imposed community control, but did not testify at the hearing on appellant's community control violation. Further, appellant did not challenge any victim impact testimony in Kincer II. A sentencing hearing on a community control violation is separate from the sentencing hearing where the court imposed the community control sanction. See State v. Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17. At the community control violation hearing, the sentencing court sentences the offender anew, and must comply with the relevant sentencing statutes. Id.; State v. Martin, Cuyahoga App. No. 82140, 2003-Ohio-3381, ¶ 35.
 {¶ 11} A review of the transcript of the community control violation hearing indicates that at the second hearing, the court gave appellant an opportunity to speak, made no mention of victim impact statements from previous sentencing hearings, and did not hear any victim impact testimony. Absent evidence that the trial court considered the victim impact testimony from the earlier sentencing hearing, we presume the trial court acted properly in conducting an independent sentencing hearing on appellant's community control violation. Appellant's second assignment of error is overruled.
 {¶ 12} In his first assignment of error, appellant argues that the imposition of the maximum sentence based on facts neither found by a jury nor admitted by appellant infringed upon his Sixth and Fourteenth Amendment rights as defined by the United States Supreme Court in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531.
 {¶ 13} After this case had been submitted for decision, the Ohio Supreme Court decided State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In Foster, at paragraphs one, three, and five of the syllabus, the Court held that certain sections of Ohio's sentencing code violate the Sixth Amendment of the United States Constitution and the principles contained in Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely.
Among the sections the Court found unconstitutional was R.C.2929.14(C), which requires judicial fact-finding before the imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant. Foster at paragraph one of the syllabus.
 {¶ 14} The Court determined that the sections of Ohio's sentencing code that violate the Sixth Amendment and the principles in Apprendi and Blakely, including R.C.2929.14(C), can be "severed" or excised from the sentencing code, and that "[a]fter the severance, judicial factfinding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at paragraph two of the syllabus. The Court mandated that all cases pending on direct review in which the unconstitutional sentencing provisions were applied be remanded for resentencing. Id. at ¶ 104. However, the court refined this holding to exclude sentences that a defendant failed to appeal. State v. Saxon, ___ Ohio St.3d ___, 2006-Ohio-1245, paragraph three of the syllabus. Because appellant assigned as error the trial court's imposition of the maximum sentence, we sustain appellant's first assignment of error. Appellant's sentence is vacated, and this matter is remanded for resentencing in accordance with Foster.
 {¶ 15} Judgment affirmed in part, reversed in part, and remanded.
Walsh, P.J., and Young, J., concur.
[1] We note that the burden of proof for determining whether a defendant violated terms of community control is the same as the burden of proof for determining if a probation violation occurred. See State v. Wolfson, Lawrence App. No. 03CA25,2004-Ohio-2750; State v. Miller, Franklin App. No. 03AP-1004,2004-Ohio-1007.
[2] With respect to a community control violation for failure to obey the law, we note that whether a defendant is actually convicted of an offense is immaterial, if the trial court examines the evidence and concludes that appellant failed to obey federal, state, or local laws. See Hylton, 75 Ohio App.3d 778
(probation violated based upon charge of domestic violence despite later dismissal of charge by probationer's wife); Statev. Delaney (1984), 11 Ohio St.3d 231 (conduct surrounding a probation violation based on a nonarrestable offense).