OPINION
{¶ 1} Defendant-appellant, John Koch, appeals the decision of the Warren County Court finding him in violation of his community control and convicting him of domestic violence. We affirm the trial court's decision.
 {¶ 2} In May 2002, appellant and his wife entered into a consent agreement in the Warren County Domestic Relations Court for a protection order protecting the wife. Shortly thereafter, the couple reconciled and appellant moved back into the residence. On January 30, 2005, the couple got into a verbal argument. Appellant had been consuming alcohol at the time. According to the police report, appellant verbally assaulted his wife and then pushed her to the floor. After informing appellant that she had called the police, appellant pushed Mrs. Koch against the kitchen counter while she was holding their infant child. Appellant then hit her on the back of her head. Upon arriving at the home, Springboro police officers arrested appellant.
 {¶ 3} Appellant was charged with domestic violence in violation R.C.2919.25(A), endangering children in violation of R.C. 2919.22(A), and violating a protection order in violation of R.C. 2919.17(A). Appellant was also charged with disrupting public services in violation of R.C.2909.04(A)(1), but this charge was dismissed before the preliminary hearing. Pursuant to an offer made by the prosecution and approved by the trial court, appellant entered a plea of guilty to violation of a protection order and domestic violence; the child endangering charge was dismissed. The trial court accepted appellant's plea for the violation of a protection order but did not accept appellant's plea to the domestic violence charge, instead placing appellant in a pretrial diversion program for one year.
 {¶ 4} For the violation of the protection order, appellant was sentenced to three years of community control and required to pay a $500 fine. As a condition of the diversion program for the domestic violence charge, appellant was required to comply with all terms of community control. Under his community control, appellant was ordered to enter and successfully complete the Batterer's Intervention Program ("BIP") as well as continue in other counseling and programs in which he was already enrolled. At the sentencing hearing, appellant stated that it would be difficult for him to attend the required weekly meetings of the BIP due to his employment schedule as a commercial airline pilot. The trial judge listened to appellant's statements, but stated it was necessary to satisfy the diversion and instructed him to successfully complete the program in a timely manner.
 {¶ 5} Appellant enrolled in the program as scheduled and completed Phase I on November 8, 2005. Under the rules of the program only one absence is allowed per phase. Due to late payment for the program, appellant did not begin Phase II until November 30, 2005. Appellant missed the first class of Phase II on November 30 because his employer required him to be in Houston. On the morning of that class, appellant informed the BIP directors that he would be absent. Appellant attended the second and third sessions on December 7 and on December 14.
 {¶ 6} Appellant received notice from his employer that he would be flying a west coast route the entire week of December 18, 2005. As a result, appellant missed the December 21 class. On December 22, the executive director of the BIP faxed a memo to the Warren County Department of Probation alerting that appellant missed two classes, a violation of BIP rules. Subsequently, a report of community control/probation violation was filed in the Warren County Court indicating appellant missed the meetings and that he stated to the director that he would "[complete] the program at his convenience." A community control violation hearing was held on January 3, 2006. The director of the BIP testified that appellant had missed two meetings, characterized appellant as "very pushy" and his interaction with the staff being "very argumentative, manipulative and difficult to work with." Appellant and his wife also testified at the hearing to explain the absences.
 {¶ 7} The trial court held that appellant violated the terms of his community control by not successfully entering and completing the BIP. As a result, the trial court revoked the diversion and found him guilty of domestic violence. Appellant was placed on three years of community control, ordered to pay another probation fee, pay a fine of $250, and serve five days in jail with credit for five days served before the hearing. Additionally, appellant was instructed by the trial judge to successfully complete the BIP without missing any meetings. Appellant timely appealed, raising four assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING THAT APPELLANT VIOLATED A TERM OF HIS COMMUNITY CONTROL BECAUSE THE APPELLEE STATE OF OHIO FAILED TO PRESENT SUBSTANTIAL EVIDENCE TO SUPPORT ITS CLAIM OF A COMMUNITY CONTROL VIOLATION AND BECAUSE SUCH A FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} Appellant argues in his first assignment of error that there was not substantial evidence to support the finding of community control violation and the finding was against the manifest weight of the evidence. Specifically, appellant argues that he missed the classes through no fault of his own and he was never given notice that missing two classes would be considered a violation.
 {¶ 11} A community control revocation hearing is not a criminal trial, so the state is not required to establish a violation of the terms of community control "beyond a reasonable doubt." State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916, citing State v. Hylton (1991),75 Ohio App.3d 778; State v. Tranter (Mar. 26, 2001), Clermont App. No. CA2000-05-035. Instead, the quantum of evidence required to establish a violation and revoke a community control sanction must be "substantial." Id., citing Hylton at 782; Tranter at 7. In a community control violation hearing, the trial court must consider the credibility of the witnesses and make a determination based on substantial evidence.State v. Miller, Franklin App. No. 03AP-1004, 2004-Ohio-1007. A trial court's decision finding a violation of community control will not be disturbed on appeal absent an abuse of discretion. Id.
 {¶ 12} Appellant argues that when he was sentenced to community control, he was never given notice that two missed BIP classes would result in a violation. He claims that by missing the classes he only has to start the phase over again, which is not a violation. Appellant's claim is unpersuasive. At sentencing, the trial court stated, "I want you to enter into and successfully complete the batterer's intervention program." Appellant then told the judge that it would be tough for him to make the scheduled meetings due to his employment. After listening to appellant the judge responded, "Work it out because I want you in this batterer's intervention program and if you're not in the program, then you are going to jail."
 {¶ 13} A review of the record shows that appellant had notice that he must enter the BIP and successfully complete it as scheduled. Appellant was instructed when he entered the program that missing two classes is a violation of the BIP rules. In addition, appellant acknowledged at the violation hearing that he knew if he missed two classes he would not be in compliance with the BIP rules and he would be required to start the phase over again. After a review of the record, we hold that the trial court did not abuse its discretion in finding appellant violated the terms of his community control.
 {¶ 14} Appellant also argues the finding of violation is against the manifest weight of the evidence. In considering a manifest weight of the evidence challenge, an appellate court reviews the entire record, weighing the evidence and all reasonable inferences that can be drawn from it, and considers the credibility of witnesses, to determine whether in resolving conflicts in the evidence, "the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 15} At the hearing, the director of the BIP testified that appellant missed two classes of Phase II and, as a result, was not in compliance with the rules of the program. The prosecution introduced a copy of the report of violation that specifically stated appellant violated provision 14 of the terms of his community control for missing the two sessions. Appellant presented no testimony that he did not miss the two classes, but only stated the reasons why he did not attend. After reviewing the entire record, we find that there is no evidence that the trier of fact clearly lost its way in finding appellant in violation of his community control. Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING THAT THE APPELLANT VIOLATED A TERM OF HIS COMMUNITY CONTROL BECAUSE THE PROBATION VIOLATION HEARING CONDUCTED VIOLATED APPELLANT'S RIGHT TO CONFRONT WITNESSES AND EVIDENCE AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 {¶ 18} Appellant argues that his constitutional rights were violated because the prosecution did not present proper foundational testimony and make a complete presentation of evidence. Specifically, appellant argues the prosecution offered no evidence that appellant was on community control, that he had certain conditions with which he was to comply, and offered no evidence as to which condition appellant violated. Additionally, appellant claims his right to confrontation was violated because his probation officer did not testify.
 {¶ 19} "Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding."Gagnon v. Scarpelli (1973), 411 U.S. 778, 782, 93 S.Ct. 1756. The minimum due process requirements for final revocation hearings are:
 {¶ 20} "(a) Written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact-finders as to the evidence relied on and reasons for revoking [probation or] parole." State v. Miller (1975),42 Ohio St.2d 102, 104, quoting Morrissey v. Brewer (1972), 408 U.S. 471, 489,92 S.Ct. 2593.
 {¶ 21} Appellant first argues that he was not given notice as to which condition of community control he allegedly violated. However, according to the record, appellant was provided with written notice of the violation that clearly states appellant violated rule 14 of the terms of his community control on December 21, 2005 requiring him to "complete the batterer's intervention program" by "miss[ing] two sessions of Phase II of the BIP."
 {¶ 22} Appellant also argues that the prosecution did not offer any foundational evidence at the hearing showing appellant was on community control and which condition of the community control he violated. At the hearing though, the BIP director testified that appellant was required to complete the program as a condition of his community control. Appellant also acknowledged at the hearing that he knew he must complete the program. The prosecution introduced, as exhibit two, a letter from the director of the BIP to appellant's probation officer stating appellant failed to comply with the guidelines of Phase II of the BIP by missing two sessions, which was a violation of his community control.
 {¶ 23} Appellant further argues his right to confrontation was violated because his probation officer did not testify at the hearing and he did not have the opportunity to confront his probation officer. Appellant's probation officer was present at the hearing. The probation officer was available to testify and appellant could have called him for questioning, but did not. However, the probation officer's testimony was not necessary to prove a violation, because the state provided other evidence sufficient to find the violation.
 {¶ 24} Appellant cites State v. Miller (1975), 42 Ohio St.2d 102, andState v. Zeiszler (1984), Franklin App. No. 83AP-1137, claiming these cases hold that a probation officer directly responsible for an appellant's community control is required to testify at a violation hearing that: (1) the probationer is on community control; (2) there are enumerated conditions of the community control; and, (3) that a specific condition was violated. Appellant's proposition of law is incorrect. InMiller, the probation officer assigned to supervise the defendant no longer worked in the probation office. Miller at 104. Another officer testified from records maintained in the office. Id. The Ohio Supreme Court held that by not allowing cross-examination of the probation officer, appellant's right to confrontation was violated because the defendant admitted his probation violations directly to the officer that was no longer at that office. Id. at 106. In Zeisler, the defendant's probation officer did testify at the revocation hearing.Zeisler at 138. The Tenth Appellate District reversed the trial court though, holding that the defendant was deprived of his right to confrontation because the supervisors of the program the defendant violated did not testify and, as a result, were not subject to cross-examination. Id. at 141. These cases demonstrate that to satisfy a probationer's right to confrontation, the individual with firsthand knowledge of the community control violation must testify and be subject to cross-examination. Depending on the particular case, this individual could be the probation officer, an instructor of a program in which the probationer is enrolled, or some other individual who oversees a requirement of the community control.
 {¶ 25} In this case, the individual with firsthand knowledge of appellant's violation was the director of the BIP, who did testify at the hearing and was subject to cross-examination. It was not necessary for appellant's probation officer to testify because he did not have firsthand knowledge of the community control violation. Appellant's probation officer was available at the hearing and appellant could have required him to testify if he felt it was necessary. There was enough evidence to find the violation without the testimony of appellant's probation officer. As a result, appellant's right to confrontation was not violated. The record also demonstrates that appellant's due process rights were not violated. Appellant's second assignment of error is overruled.
 {¶ 26} Assignment of Error No. 3:
 {¶ 27} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING THAT THE APPELLANT VIOLATED A TERM OF HIS COMMUNITY CONTROL BECAUSE THE APPELLEE STATE OF OHIO FAILED TO PRESENT SUBSTANTIAL EVIDENCE TO SUPPORT A FINDING THAT APPELLANT INTENTIONALLY AND WILLFULLY BREACHED THE TERMS OF HIS SANCTIONS."
 {¶ 28} Appellant argues in his third assignment of error that there was not substantial evidence to support that appellant intentionally and willfully violated the terms of his community control. Appellant argues the record shows he made extraordinary efforts to attend the BIP classes and, as a result, did not willfully violate the community control. Specifically, appellant points out that when he was to miss the first class on November 30, he called the BIP office that morning to inform them he could not attend because he was working in Houston. Appellant also states that as soon as his employer informed him that he would be required to fly a west coast route the week of December 18, he went to the BIP office to discuss the second class he was about to miss.
 {¶ 29} However, there is no evidence in the record that appellant informed his probation officer or the court about his dilemma. He only discussed the schedule problem with the BIP staff. The director of the BIP testified appellant was "very argumentative manipulative and hard to work with" in the program and in discussing the scheduling conflicts. She further testified appellant was unwilling to follow the program's rules and did not do the program's homework until one of the instructors "watched him from over his shoulder." Ultimately after discussing the schedule with the director of the BIP, appellant stated he would "complete the program at his convenience," disregarding the court's order.
 {¶ 30} Appellant assesses blame on the staff at the BIP in his brief. He claims the director told him not to worry about missing the second class and that she would inform his probation officer that he was going to miss the second class due to work. However, at appellant's original sentencing hearing, the judge stated, "[y]ou are, as a term of your community control, to complete the batterer's intervention program. If anyone other than me tells you that you don't have to do the program, do not believe them. I am the only one that can modify that term of your community control." Appellant voluntarily chose to miss the court-ordered class, albeit for work. Even though the judge informed appellant that he was the only individual that could modify the requirement, appellant did not seek permission from his probation officer or the court to miss the second class. Appellant merely went to the BIP offices, where he informed the staff in an "argumentative" way that he would not be attending the class on December 21 and he would complete "the program at his convenience." When he began the program, appellant was told by the staff at the BIP that two missed classes would result in him being removed from the program and having to start the phase over again.
 {¶ 31} At sentencing, the trial court clearly explained to appellant the importance of maintaining the program's schedule. After appellant explained his work schedule, the judge instructed, "Mr. Koch this is exactly what I'm talking about. I tell you that you need to do something, and I get a long explanation about how you can't do it * * *. I want you in this program and if you're not, then you're going to jail." Based on a full review of the record, we hold the trier of fact did not abuse its discretion in finding appellant violated the terms of his community control. Appellant's third assignment of error is overruled.
 {¶ 32} Assignment of Error No. 4:
 {¶ 33} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING THAT THE APPELLANT VIOLATED A TERM OF HIS DIVERSION BECAUSE APPELLEE STATE OF OHIO FAILED TO PRESENT SUBSTANTIAL EVIDENCE TO SUPPORT ITS CLAIM OF A VIOLATION AND BECAUSE SUCH A FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 34} The diversion of appellant's domestic violence charge was conditioned on his fulfillment of community control for one year. Appellant argues in his fourth assignment of error that the court erred by terminating appellant's diversion because the evidence presented at the hearing was not substantial enough to find appellant in violation of his community control. As discussed above, there was substantial evidence to show the violation. Accordingly, since we conclude the trial court did not err in finding appellant violated his community control, we also conclude the court did not err in terminating appellant's diversion and finding appellant guilty of domestic violence. Appellant's fourth assignment of error is overruled.
 {¶ 35} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.