OPINION
{¶ 1} Defendant-appellant, Keith Caulley, appeals the decision of the Warren County Court of Common Pleas, revoking his community control sanction and sentencing him to a three-year prison term. We affirm the trial court's decision.
 {¶ 2} On July 6, 2005, appellant pled guilty to one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B). He was sentenced in part to three years of community control, with the condition that he successfully complete a treatment program at the Montgomery County and Dayton Community Correctional Institution ("MonDay") in Dayton, Ohio. Appellant was informed that failure to comply with the terms of his community control would result in the imposition of a three-year prison sentence. Appellant entered the MonDay program on October 13, 2005. Upon his own request he was discharged on December 8, 2005, after completing less than half of the six-month program.
 {¶ 3} A community control violation report was filed and the matter proceeded to a hearing. At the hearing, appellant's probation officer, Cheryl Fields, testified that appellant was disruptive and noncompliant with the MonDay program's requirements, and that he ultimately asked to be terminated from the program because its requirements violated his religious beliefs. Appellant testified that his religious beliefs prevent him from judging others, and that successful participation in the MonDay program would require him to report the disruptive behavior of other participants, contrary to his religious beliefs. He stated that "[i]t is God's job to judge. Judge not lest ye be judged. You should not be a tell bearer." When the trial court asked appellant for the basis of his beliefs, appellant replied: "I am a Seventh Day Adventist. I just don't believe in the Bible, I believe in what God says is his stance."
 {¶ 4} The trial court found that appellant had violated the terms of his community control by failing to complete the MonDay program, and imposed the three-year prison sentence. Appellant appeals, raising a single assignment of error:
 {¶ 5} "APPELLANT'S DUE PROCESS RIGHTS AND FIRST AMENDMENT'S ESTABLISHMENT CLAUSE WERE VIOLATED WHEN THE TRIAL JUDGE USED RELIGIOUS BELIEFS IN ORDER TO FIND THAT APPELLANT VIOLATED THE TERMS OF HIS PROBATION AND IN SUBSEQUENTLY ISSUING A SENTENCE."
 {¶ 6} In his assignment of error, appellant argues that "the trial court erred by considering, in its decision that Appellant had violated the terms of his probation and in further issuing sentence, the religious ideals of both the Appellant and the trial court." Appellant contends that the trial court inappropriately discredited appellant's religious beliefs, and interjected its own religious beliefs into its decision making process, when it made the following statements:
 {¶ 7} "Can you tell me where in the Bible it says it is all right to drink and drive, it is all right to flee the police, it is all right to steal your children? You have a record that is four pages long, what part of God's plan does that come under?
 {¶ 8} "* * *
 {¶ 9} "The Court finds the defendant had violated the rules of community control and even though he claims to have this deeply held religious belief, it is not known to us whether or not he holds such belief, although I do note that he was convicted of aggravated menacing December 11 of 01 for threatening to kill his sister-in-law, Alice Caulley and her children because they are Muslim. That does not comport with any known religious tendencies that I am aware of, but again, this is not a hearing about religion. It is about whether or not he is amenable to community control and he is not. He will not successfully complete this program and this program was chosen as a last resort. We only have this for people with his record of constant substance abuse problems, constant run-ins with the law and lack of high school diplomas, we have either the MonDay program or the Community Corrections Center program, a community based corrections facility. Both programs require that a defendant in the program become law abiding and they require that the participants recognize that other people are in there for having committed wrongs and that no wrongs are to be tolerated. They don't get to choose which rules they want to follow and which rules they don't wish to follow. If he cannot complete this program because he is religiously opposed to the methodology then, he doesn't complete the program, but that is still a violation of the conditions of his community control. He was granted community control only on the condition that he complete that program. He did not complete the program. Whether it is true that he has this religious belief, which I am rather skeptical of because of his behavior, but even if he has these truly-felt religious beliefs, he has to complete the program or he is not a good candidate, not amenable to community control."
 {¶ 10} A community control revocation hearing is not a criminal trial; consequently, the state is not required to establish a violation of the terms of community control "beyond a reasonable doubt." State v.Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916, ¶ 18, citingState v. Hylton (1991), 75 Ohio App.3d 778; State v. Tranter (Mar. 26, 2001), Clermont App. No. CA2000-05-035. Rather, "the quantum of evidence required to establish a violation and revoke a community control sanction must be substantial." Id., citing Hylton at 782;Tranter at 7. The trial court must consider the credibility of the witnesses when making this determination. State v. Miller, Franklin App. No. 03AP-1004, 2004-Ohio-1007. A trial court's decision finding a violation of community control will not be disturbed on appeal absent an abuse of discretion. Id.; Payne at ¶ 18.
 {¶ 11} While appellant is correct that "a court that imposes a sentence upon an offender shall not base the sentence upon the * * * religion of the offender," R.C. 2929.11(C), review of the trial court's statement in context reveals that the trial court based its revocation of the community control sanction solely on appellant's failure to complete the MonDay program, not on appellant's religious beliefs. The trial court's skepticism regarding the sincerity of appellant's religious beliefs which he claims prevented him from completing the MonDay program simply reflects the trial court's determination of appellant's credibility, a determination which the trial court is required to make. See Miller.
 {¶ 12} Review of the record demonstrates that there is undisputed evidence that appellant failed to successfully complete the MonDay program, a condition of his community control sanction. Consequently, the trial court did not abuse its discretion when it revoked the community control sanction.
 {¶ 13} Nor did the trial court err by imposing the three-year prison term upon revoking appellant's community control sanction. InColegrove v. Burns (1964), 175 Ohio St. 437, 438, the Ohio Supreme Court held that there is no separate, independent sentence for a community control violation. Rather, "[t]he penalty for a [community control] violation is * * * a revocation of [community control] and the imposition of the sentence on the judgment of conviction." Id., cited with approval in State v. Draper (1991), 60 Ohio St.3d 81, 83. Thus, upon revoking community control, the trial court appropriately sentenced appellant to the previously ordered three-year prison term. The record simply does not support appellant's contention that the imposition of this sentence is in any way based on his religious beliefs. The assignment of error is overruled.
 {¶ 14} Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.