OPINION
{¶ 1} The defendant-appellant, Richard John-Michael Ryan ("Richard"), appeals the November 1, 2006 Journal Entry establishing that Richard violated the terms of his community control, revoking his release, and re-imposing the remainder of the three year prison term with credit of 158 days.
 {¶ 2} On or about April 2, 2006, Richard did knowingly operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop, and the operation of the motor vehicle by Richard caused a substantial risk of serious physical harm to person or property. Specifically, he was tracked at 92 mph by an officer with the Union County Sheriffs Office. The officer activated his emergency lights and the vehicle immediately accelerated and fled at 110-120 mph. During the chase, Richard ran approximately five red lights and eight stop signs at excessive speeds. The pursuit was called off two different times due to Richard driving in and out of city limits, his excessive speeds, and other traffic.
 {¶ 3} On April 7, 2006, Richard was indicted by the Union County Grand Jury on one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.33.1(B), (C)(5)(a)(ii), a felony of the third degree. On May 5, 2006, Richard withdrew his not guilty plea and entered a guilty plea. On June 7, 2006, he was sentenced to three years in prison. *Page 3 
 {¶ 4} On July 17, 2006, a hearing was held regarding a motion filed by Richard for judicial release. The trial court placed him on community control for three years with the condition that he reside at and complete the program at the West Central Program Community Correctional Facility located in Marysville, Ohio. On October 5 or 6, 2006, Probation Officer Chuck Carter ("Probation Officer Carter"), Richard's probation officer, was contacted by CBCF and informed that Richard was not in compliance with the program at West Central. On October 31, 2006, a hearing was held regarding the community control violation charges on Richard. On November 1, 2006, the trial court filed its Journal Entry establishing that it had considered the record, the statements of the State, as well as the defense counsel, and had given Richard the opportunity to make a statement in mitigation. The trial court ordered that Richard be confined to the Correctional Reception Center in Orient, Ohio for the remainder of the term of three years with credit of 158 days.
 {¶ 5} On November 28, 2006, Richard filed a notice of appeal raising the following assignment of error:
 THE DEFENDANT'S DUE PROCESS RIGHTS WERE VIOLATED AT HIS COMMUNITY CONTROL VIOLATION HEARING WHEN HE WAS DENIED THE OPPORTUNITY TO CONFRONT THE INDIVIDUAL WITH FIRSTHAND KNOWLEDGE OF THE ALLEGED VIOLATION. *Page 4 
 {¶ 6} In Richard's sole assignment of error, he alleges that he was denied the right to confront and cross-examine adverse witnesses at the hearing on his community control violation. Specifically, he states that the probation officer did not have first-hand knowledge of why Richard was terminated from West Central.
 {¶ 7} A community control revocation hearing is not a criminal trial, so the state is not required to establish a violation of the terms of community control "beyond a reasonable doubt." State v. Hylton (1991),75 Ohio App.3d 778. Instead, the quantum of evidence required to establish a violation and revoke a community control sanction must be "substantial." Id. at 782. In a community control violation hearing, the trial court must consider the credibility of the witnesses and make a determination based on substantial evidence. State v. Miller, 10th Dist. No. 03AP-1004, 2004-Ohio-1007. A trial court's decision finding a violation of community control will not be disturbed on appeal absent an abuse of discretion. Id.
 {¶ 8} "Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding."Gagnon v. Scarpelli (1973), 411 U.S. 778, 782, 93 S.Ct. 1756,36 L.Ed.2d 656. The minimum due process requirements for final revocation hearings are:
 (a) Written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the *Page 5 right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation or] parole.
State v. Miller (1975), 42 Ohio St.2d 102, 104, quoting Morrissey v.Brewer (1972), 408 U.S. 471, 489, 92 S.Ct. 2593,33 L.Ed.2d 484.
 {¶ 9} Community control revocation hearings are not subjected to the rules of evidence, thus allowing for the admission of hearsay evidence. Evid.R. 101(C)(3). "The rationale for the exception is that, since a probation revocation hearing is an informal proceeding, not a criminal trial, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the probationer has violated the conditions of his probation." Columbus v. Bickel (1991),77 Ohio App.3d 26, 36, citing State v. Miller (1975), 42 Ohio St.2d at 106. Nevertheless, the admission of hearsay evidence at a community control revocation hearing can compromise the probationer's due process right to confront adverse witnesses. Bickel, supra at 37. This right protects a probationer's right to confront and cross-examine adverse witnesses at a revocation hearing unless the sentencing court specifically finds good cause for not allowing the confrontation of a witness. Id. The introduction of hearsay evidence into a revocation hearing is reversible error when that evidence is the only evidence presented and is crucial to *Page 6 
a determination of a probation violation. State v. Ohly,166 Ohio App.3d 808, 816, 853 N.E. 2d 675.
 {¶ 10} In this case, Richard acknowledged at the inception of the community control violation hearing through his attorney that he was no longer at the CBCF and that he was removed from the program at West Central. The State then presented the testimony of Probation Officer Carter. He stated that he was informed by the West Central CBCF program on October 4 or 5, 2006 that Richard was not in compliance with the program because he was not following the rules, he was not engaged in treatment and was not making any progress. Shortly thereafter Probation Officer Carter was given official notice that Richard was removed for medical reasons. Probation Officer Carter called to clarify the termination and specifically asked why the termination was described as a medical termination. In response, an individual at West Central CBCF stated that Richard complained of medical problems and requested extensive testing so they felt that he was attempting to manipulate his way out of the program. Accordingly, that is the reason that he was removed. Probation Officer Carter testified that on October 20, 2006 he was contacted by the case manager at West Central CBCF program and informed that Richard was not making any progress and it was due to non-successful completion of the program. The case manager stated that had Richard been making progress they may have found a different *Page 7 
route and tried to keep him inside the program, rather than sending him to Tri-County Jail. On cross-examination, Probation Officer Carter stated that Richard did have a heart condition.
 {¶ 11} Richard then asked the court to have Probation Officer Carter repeat his testimony because he could barely hear what Probation Officer Carter was testifying to. In his recap of the events, Probation Officer Carter stated that since Richard was placed in Tri-County Jail there has been no complaints regarding medical conditions, medications, or any ailments that he is currently suffering from. He then stated that he was told by an individual at West Central CBCF that Richard was trying to manipulate his way out of the program.
 {¶ 12} Richard then testified as to his medical conditions, how he felt he was making progress in the program and that it was his understanding that he was terminated from the program due to a medical condition. The court then found Richard was terminated due to unsuccessful completion of the program and ordered that Richard serve the remainder of the three year prison term in the Correctional Reception Center in Orient, Ohio.
 {¶ 13} Richard argues that the probation officer did not have first-hand knowledge of why he was terminated from West Central. Specifically, he asserts that the probation officer testified to the "official" information that he had on Richard's release from the program which conflicted with the discussions he had *Page 8 
with the case manager; however, he was permitted to testify to those "off-the-record" discussions and those discussions served as the basis for finding Richard was terminated from the program, thereby resulting in his community control being revoked.
 {¶ 14} Hearsay is admissible in a community control revocation hearing; however, courts have held that when it is the only evidence of a violation, it is insufficient and violates the individual's due process right to confront the witnesses against him. In this case, Richard did not make any objections on the record, nor did he make any objections regarding the testimony of his probation officer; rather, Richard did cross-examine Probation Officer Carter, who was the only adverse witness. Furthermore, he did not place any other witnesses testimony on the record other than his own. Based upon the evidence presented, we find that there was enough evidence to find that Richard had violated his community control violation. As a result, his right to confrontation was not violated. The record also demonstrated that his due process rights were not violated. Accordingly, Richard's sole assignment of error was overruled.
 {¶ 15} Based on the foregoing, Richard's sole assignment of error is overruled and the November 1, 2006 Journal Entry establishing that Richard violated the terms of his community control, revoking his interest, and re-imposing *Page 9 
the remainder of the three year prison term with credit of 158 days is affirmed.
Judgment affirmed.
 PRESTON, J., concurs.
 ROGERS, J., dissents.