OPINION *Page 2 
{¶ 1} Defendant-Appellant Richard Scheck appeals from the April 3, 2008 Journal Entry of the Marion Municipal Court for Marion County, Ohio finding that Scheck violated the terms of his community control sanctions and re-sentencing him to 30 days in jail, with 15 days suspended.
 {¶ 2} In November 2007 Linda Scheck obtained a civil protection order against her estranged husband, Richard Scheck ("Scheck"). On January 8, 2007 Linda filed a complaint in the Marion Municipal Court alleging that Scheck had violated the terms and conditions of the civil protection order.
 {¶ 3} On January 23, 2008 Scheck appeared in court and entered a plea of no contest with a stipulated finding of guilty. The trial court sentenced Scheck to a term of 30 days in jail, but suspended all 30 days. The trial court also ordered Scheck to pay a fine of $400 but suspended $300 of the fine. Additionally, the trial court sentenced Scheck to two years of community control and specifically ordered that Scheck "strictly comply with all terms and conditions of any protection order currently pending in which he/she is listed as the Respondent unless or until said order is officially modified or terminated by the Court."
 {¶ 4} On February 26, 2008 the State filed a Motion to Impose Sentence wherein the State alleged that Scheck had violated the terms of his community control by failing to comply with the terms and conditions of the protection order *Page 3 
in which he was listed as the Respondent. Specifically, the State alleged that Scheck continued to send emails to Linda Scheck purportedly from an anonymous sender thereby violating the condition of the protection order that he "shall not initiate any contact with the protected persons named in this Order . . ." Additionally, the State alleged that Scheck "pulled his vehicle alongside that of Linda" violating the condition of the protection order that he "stay away from Petitioner" and not be "within 500 feet of any place Respondent knows or should know the protected persons are likely to be."
 {¶ 5} On March 13, 2008 Scheck appeared in court and denied the alleged violation of his community control. The trial court set this matter for an evidentiary hearing on April 3, 2008.
 {¶ 6} At the close of all the evidence presented at the April 3, 2008 evidentiary hearing, the trial court found that Scheck had violated the terms and conditions of his community control. The court ordered that Scheck be re-sentenced in this matter to 30 days in jail, but suspended 15 days of the sentence.
 {¶ 7} Scheck now appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. 1 THE STATE FAILED TO PRESENT SUBSTANTIAL PROOF THE APPELLANT VIOLATED THE TERMS OF HIS COMMUNITY CONTROL SANCTIONS.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO PERMIT APPELLANT, A *Page 4 PRO SE DEFENDANT, THE RIGHT TO SUPPLEMENT THE RECORD WITH EXHIBITS AND/OR THE RIGHT TO A REHEARING.
 Assignment of Error No. 1 {¶ 8} In his first assignment of error, Scheck alleges that the State failed to present substantial proof that he violated the terms of his community control.
 {¶ 9} A community control revocation hearing is not a criminal trial, so the state is not required to establish a violation of the terms of community control "beyond a reasonable doubt." State v. Ryan, 3rd Dist. No. 14-06-55, 2007-Ohio-4743 citing State v.Hylton (1991), 75 Ohio App.3d 778, 600 N.E.2d 821. Instead, the state must show "substantial" proof that the offender violated the terms of his or her community control sanctions. State v. Alexander, 3rd Dist. No. 14-07-45, 2008-Ohio-1485 citingRyan, supra.
 {¶ 10} A trial court's decision finding a violation of community control will not be disturbed on appeal absent an abuse of discretion.Id. citing Ryan, supra. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id. *Page 5 
 {¶ 11} Additionally, "although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding."Gagnon v. Scarpelli (1973), 411 U.S. 778, 782, 93 S.Ct. 1756,36 L.Ed.2d 656. The minimum due process requirements for final revocation hearings are as follows:
 (a) Written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and the reasons for revoking [probation or] parole.
State v. Ryan, supra at ¶ 8 citing State v. Miller (1975),42 Ohio St.2d 102, 104, 326 N.E.2d 259, quoting Morrissey v. Brewer (1972),408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484.
 {¶ 12} Furthermore, community control revocation hearings are not subject to the rules of evidence, thus allowing for the admission of hearsay evidence. Evid. R. 101(C)(3). "The rationale for the exception is that, since a probation revocation hearing is an informal proceeding, not a criminal trial, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the probationer has violated the conditions of his probation." Columbus v. Bickel *Page 6 
(1991), 77 Ohio App.3d 26, 36, 601 N.E.2d 61 citing State v. Miller
(1975), 42 Ohio St.2d at 106.
 {¶ 13} In the present case, Scheck specifically alleges that the State failed to present substantial evidence at the April 3, 2008 evidentiary hearing that he communicated with Linda via email and that he was within 500 feet of Linda on February 6, 2008.
 {¶ 14} Our review of the record reveals that during the evidentiary hearing, the State provided the court the testimony of Linda Scheck. Linda advised the court that she and Scheck filed for divorce in August 2007 and their divorce was finalized in March 2008. Linda also stated that she obtained a civil protection order against Scheck in November 2007. Additionally, Linda stated that she also changed her residence and job so as to avoid contact with Scheck.
 {¶ 15} Linda stated that Scheck is employed as a systems engineer at Kable Fulfillment and that he has specific knowledge and expertise in working with computer systems. Linda advised the court that she used to work at Kable Fulfillment but that she left on January 3, 2008. Linda provided the court with documentary information regarding numerous emails she received that she knew or suspected to be from Scheck based upon the specific IP address from which the emails were sent. However, Linda also stated that although these emails purported *Page 7 
to be from a "concerned" person at Kable Fulfillment, the emails contained personal information that no one besides Scheck could have known.
 {¶ 16} Additionally, Linda specifically stated that the emails received on February 5 and 6, 2008 contained biblical passages regarding marriage and also provided the court with information contained in the emails received on February 11, 16, 19, and 22, 2008. All of these emails were sent and/or received subsequent to Scheck's January 23, 2008 conviction for violating the terms of the civil protection order.
 {¶ 17} The State also presented the court with information that Scheck violated his community control by passing Linda in her automobile on February 6, 2008. Linda stated that after the divorce she did not change the night she bowled in a bowling league and specifically advised the court that she bowled at Southland Bowling Alley at 6:00 p.m. on Wednesday nights. Linda stated that on February 6, 2008 she was leaving the bowling alley at approximately 9:30 p.m. when she passed Scheck heading south on Delaware Avenue. Specifically, Linda stated that as she pulled out of the bowling alley Scheck was right there and that "he was going very slow, had his window down, his arm out the window, and went by me and stared at me the whole time that he was going by."
 {¶ 18} In response, Scheck denied sending the emails to Linda. Scheck stated that he receives residential internet service through Time Warner Cable and *Page 8 
that he has a "dynamic IP address" which meant that his IP address changes often. Additionally, Scheck advised the court that the email dated February 11, 2008 was received from an IP address that was not within Time Warner's IP address range. However, Scheck stated that one of his duties at work is "email administrator" which allowed him "access to the email header logs information" and admitted that he has significant expertise when it comes to IT technical email related issues. Scheck also admitted that he has a Blackberry which enables him to send emails from his work email account even when he is out of the office.
 {¶ 19} Additionally, Scheck stated that he did not remember seeing Linda on the night of February 6, 2008 but admitted he was out that evening running several errands including different stops at Speedway to purchase soda and Kroger to purchase stamps. However, Scheck admitted that he knew Linda had been bowling in a Wednesday night women's league for "the last two or three years" and knew Linda still went to Southland Lanes on Wednesday nights.
 {¶ 20} At the close of statements by the parties, the trial court noted that "the Court's gonna [sic] make a finding that the State has upheld its burden, although it is not as heavy as beyond a reasonable doubt, that the Defendant has violated his probation."
 {¶ 21} We note that in a community control violation hearing, the trial court, being in the better position to observe the witnesses and hear their *Page 9 
testimony, is entitled to deference on issues of witness credibility and weight of the evidence. State v. Alexander, supra, citing Ryan, supra at¶ 7, citing State v. Miller, 10th Dist. No. 03-AP-1004,2004-Ohio-1007. See also State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. Additionally, we note that "the privilege of probation rests upon the probationer's compliance with the probation conditions andany violation of those conditions may properly be used to revoke the privilege." State v. Bell (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. (Emphasis added).
 {¶ 22} In the present case, we find that the trial court was in the better position to assess the credibility of the witnesses and we find that the court apparently chose to believe the testimony presented by Linda instead of Scheck. Additionally, we find that there was sufficient evidence presented by the State for the trial court to determine that Scheck violated the terms and conditions of his community control. Thus, we find that the trial court did not abuse its discretion or act contrary to law by finding that Scheck had violated his community control. Therefore, Scheck's first assignment of error is overruled.
 Assignment of Error No. 2 {¶ 23} In his second assignment of error, Scheck alleges that the trial court erred and abused its discretion by failing to allow him to supplement the record with exhibits and/or failing to grant his request for a rehearing. *Page 10 
 {¶ 24} We note that a trial court is vested with sound discretion to rule on the admission or exclusion of evidence based upon relevance, and these rulings will not be overturned absent an abuse of discretion.State v. Hines, 3rd Dist. No. 9-05-13, 2005-Ohio-6696
citing Renfro v. Black (1990), 52 Ohio St.3d 27, 556 N.E.2d 150. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore, supra.
 {¶ 25} Additionally, we note that "[i]t is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." Fazio v. Gruttadauria, 8th
Dist. No. 90562, 2008-Ohio-4586 at ¶ 9 citing State ex rel. Fuller v.Mengel (2003), 100 Ohio St.3d 352, 800 N.E.2d 25 quoting Sabouri v. OhioDept. of Job Family Servs. (2001), 145 Ohio App.3d 651, 654. Additionally, pro se litigants are not entitled to greater rights, and they must accept the results of their own mistakes. Id. citingWilliams v. Lo, 10th Dist. No. 07AP-949, 2008-Ohio-2804
at ¶ 18, citing City of Whitehall v. Ruckman, 10th Dist. No. 07AP-445, 2007-Ohio-6780. *Page 11 
 {¶ 26} In the present case, on April 16, 2008 Scheck filed a motion to supplement the record with defendant's exhibits.[1] In his motion, Scheck alleged that because he represented himself at the evidentiary hearing, several documents were not admitted into evidence and made part of the record. Therefore, Scheck requested that the trial court allow him to supplement the record with his exhibits and admit said exhibits into evidence. In the alternative, Scheck requested that the court conduct a re-hearing on his community control violations so that he could present his defense with the assistance of counsel. On April 16, 2008 the trial court issued two separate Judgment Entries; one denying Scheck's motion to supplement the record, and one denying Scheck's motion for rehearing.
 {¶ 27} Our review of the record reveals that the trial court's April 3. 2008 Judgment Entry was a final appealable order, subject to this court's review.[2] Although captioned as a "motion to supplement the record with defendant's exhibits," we find that Scheck's motion actually requests that the trial court accept additional materials and ultimately reconsider its April 3, 2008 decision and sentence. It is well established that the filing of a motion for reconsideration from a final order in the trial court is a nullity. Pitts v. Ohio Dept. ofTransp. (1981), *Page 12 67 Ohio St.2d 378, 381. See also, Keyerleber v. Keyerleber, 11th Dist. No. 2007-A-0010, 2007-Ohio-3018 at ¶ 3.
 {¶ 28} Based on the foregoing, we find that the trial court's denial of Scheck's motion to supplement the record and/or request for a re-hearing was not unreasonable, arbitrary, or unconscionable. As such, we find that the trial court did not abuse its discretion in denying Scheck's motion or denying Scheck's request for a second evidentiary hearing on the community control violations. Accordingly, Scheck's second assignment of error is overruled.
 {¶ 29} Therefore, the April 3, 2008 Judgment Entry of the Marion Municipal Court is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur.
[1] We note that Scheck appeared pro se at the April 3, 2008 evidentiary hearing. However, we note that Scheck retained counsel subsequent to this hearing who filed the April 16, 2008 motion to supplement the record on his behalf. We also note that Scheck is represented by counsel in the present appeal.
[2] Article IV, Section 3(B)(2) of the Ohio Constitution limits an appellate court's jurisdiction to the review of final orders. R.C. 2505.02(B) enumerates orders that are final and, therefore, appealable. An order that leaves issues unresolved and contemplates further action is not a final appealable order. State ex rel. Keither v. McMonagle
(2004), 103 Ohio St.3d 430, 432, 816 N.E.2d 597 citing Bell v.Horton (2001), 142 Ohio App.3d 694, 756 N.E.2d 1241. *Page 1