OPINION *Page 2 
{¶ 1} Defendant-Appellant Ronald McKeithen ("McKeithen") appeals from the June 16, 2008 Judgment Entry of the Court of Common Pleas, Marion County, Ohio, revoking MeKeithen's community control and imposing a two year sentence for one count of Tampering with Evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree.
 {¶ 2} This matter stems from McKeithen's June 12, 2007 guilty plea to one count of Tampering with Evidence in violation of R.C. 2921.12(A)(1). On July 19, 2007 McKeithen was sentenced to two years of community control for his guilty plea to Tampering with Evidence. As part of his community control, McKeithen was ordered to, among other conditions, abstain from consuming alcoholic beverages, submit to any drug testing requested by his probation officer, complete the program at the Crossroads Center for Change ("Crossroads"), and make a monthly payment toward court costs and attorney fees.
 {¶ 3} On April 18, 2008 a "Violation and Notice of Hearing" was filed by McKeithen's probation officer alleging that he violated the terms of his community control. The violation alleged that McKeithen consumed alcohol, refused to submit to a drug and alcohol test, was terminated from the treatment program at Crossroads, and paid nothing toward his financial obligations. *Page 3 
 {¶ 4} A hearing on the alleged violations was held on April 21, 2008 and June 10, 2008. On June 11, 2008 the trial court found that McKeithen violated the terms of his community control and sentenced him to two years in prison.
 {¶ 5} McKeithen now appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE DEFENDANT-APPEALANT [SIC] VIOLATED THE TERMS AND CONDITIONS OF HIS COMMUNITY CONTROL SACTIONS.
 ASSIGNMENT OF ERROR II THE TRIAL COURT DEPRIVED DEFENDANT-APPELLANT OF HIS RIGHTS AS GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF OHIO LAW, AS IT FAILED TO PROVIDE THE MINIMUM DUE PROCESS PROTECTION AT APPEALLANT'S [SIC] REVOCATION HEARING.
 {¶ 6} In his first assignment of error, McKeithen argues that the trial court erred in finding that he violated the terms of his community control. We note that a community control revocation hearing is not a criminal trial. Therefore, the State is not required to prove a violation of the terms of community control beyond a reasonable doubt.State v. Ryan, 3rd Dist. No. 14-06-55, 2007-Ohio-4743
at ¶ 7. The State must, instead, show "substantial" evidence that the offender violated the terms of his community control sanctions.Id. *Page 4 
 {¶ 7} The decision of a trial court finding a violation of community control will not be disturbed, absent an abuse of discretion.Id. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 8} Specifically, McKeithen argues that the trial court erred in finding a violation because he was terminated from Crossroads based on a misunderstanding and his other violations were either old violations or what McKeithen refers to as "technical" violations. However technical, we note that if a condition of community control was violated, it still constitutes a violation.
 {¶ 9} First, we note that McKeithen admitted to consuming alcohol in violation of the conditions of his community control.
 The Court: * * * And Mr. McKeithen, it's alleged that you have violated various terms of Community Control Sanctions. Specifically, it's alleged that you violated Probation Rule 15; that you not drink any type of alcoholic beverages. It's alleged that on or about February 8th, 2008 that you did consume alcohol.
 * * *
 Mr. Wilson: Your Honor, on Number 15, on 2-8-08, which is the first violation that we have here, he did consume alcohol on that date. *Page 5 
(April 21, 2008 Tr.p. 3-4). Therefore, McKeithen specifically admitted to violating one condition of his community control, which was also a violation of the rules of Crossroads.
 {¶ 10} Turning next to McKeithen's termination from the program at the Crossroads Center for Change, the State presented the testimony of Nancy McDuffie ("McDuffie"), a Marion County Adult Probation Officer. McDuffie testified that she received a report from Crossroads which stated that while in the program McKeithen consumed alcohol, refused urine testing, and failed to "verify a pass." (April 21, 2008 Tr.p. 9-10). Arlet Shambre ("Shambre"), a case manager at Crossroads also testified that McKeithen had problems with verifying passes.
 {¶ 11} To verify a pass, McKeithen was required to notify Crossroads where he was going when he left the center. If he was going to work, his employment could be contacted to verify the pass. If he was going elsewhere, other people at the location could verify where he was. McKeithen first had trouble with passes in February 2008.
 {¶ 12} Shambre testified that McKeithen first violated the rules of the program in February 2008 when he failed to verify a pass concerning where he was going to get food. McKeithen apparently went to a location different from where he informed Crossroads staff he would be going. Additionally, during the *Page 6 
pass violation in February, McKeithen consumed alcohol and tested positive for alcohol consumption upon returning to Crossroads.
 {¶ 13} McKeithen had an additional problem with pass verification immediately before he was terminated from the Crossroads program. While working, McKeithen was required to verify his pass to leave Crossroads by turning in a work schedule to verify when he would be working. On this particular occasion, McKeithen told the staff at Crossroads that he was going to Cheddar's, where he worked as a janitor. However, when staff called Cheddar's, they were informed he had quit the day before. McKeithen argues that this was a misunderstanding and alternatively, that he was just going to pick up his paycheck. However, whether it was a misunderstanding is contradicted by the testimony of McDuffie and Shambre. Alternatively, if McKeithen was just going in to pick up a paycheck, he would have been required to inform the Crossroads staff of that fact.
 {¶ 14} McKeithen also failed to submit to a requested drug and alcohol screening. In February 2008, according to Shambre, McKeithen initially refused the drug test when it was requested by a Crossroads staff member. McKeithen claims that he did not want to submit a sample to this particular staff member. However, McKeithen eventually gave the requested urine sample. *Page 7 
 {¶ 15} Although McKeithen presented his own testimony and the testimony of an assistant manager at Cheddar's contradicting the testimony of McDuffie and Shambre as to the pass verification problem in April, we find that the trial court was free to believe whomever's testimony it found more credible. We note that in a community control violation hearing, the trial court, being in the better position to observe the witnesses and hear their testimony, is entitled to deference on issues of witness credibility and weight of the evidence. State v.Scheck, 3rd Dist. No. 9-08-20, 2008-Ohio-5314 See alsoState v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 16} We also note that the substance of this probation hearing was not to determine if McKeithen had been rightfully terminated from Crossroads, as McKeithen appears to argue. He had been terminated and testimony was given that he was terminated from the program resulting in a violation of his community control.
 {¶ 17} Moreover, McKeithen's failure to give a urine sample for a drug screen, when requested, was also an independent violation of the terms of his community control.
 {¶ 18} Finally, testimony was given that McKeithen also failed to follow the financial rules, while at Crossroads. Crossroads required that working patients process their paychecks through Crossroads, so that they could be *Page 8 
assisted in budgeting and meeting their financial obligations. In April 2008, McKeithen cashed his paycheck on his own, without going through Crossroads, a violation of the rules of the program at Crossroads.
 {¶ 19} McDuffie also testified that McKeithen was failing to meet his financial obligations which were a condition of his probation. Although McKeithen argues that this failure was the fault of Crossroads, we note that Shambre testified that the patients at Crossroads were required to inform Crossroads what their financial obligations were and how much they would pay to them, then Crossroads would process the payment. Therefore, it was McKeithen's responsibility to properly inform Crossroads of his obligations.
 {¶ 20} We note that "the privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege."State v. Bell (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. Therefore, given that there was testimony that McKeithen consumed alcohol, failed to submit to a drug screen as requested, was terminated from the program at Crossroads, and failed to fulfill his financial obligations, we find that the trial court did not abuse its discretion in finding that the State presented substantial evidence that McKeithen violated the terms of his community control. Accordingly, McKeithen's first assignment of error is overruled. *Page 9 
 {¶ 21} In his second assignment of error, McKeithen argues that the trial court violated his right to due process by failing to issue "written findings of fact or state on the record the reasons for revocation."
 {¶ 22} This Court has held that although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding. State v. Ryan, 2007-Ohio-4743, citing Gagnon v.Scarpelli (1973), 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656. Therefore, the minimum due process requirements afforded a defendant in a probation revocation proceeding differ from those in a criminal trial. The minimum due process requirements for revocation hearings are as follows:
 (a) Written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation or] parole.
State v. Miller (1975), 42 Ohio St.2d 102, 104, 326 N.E.2d 259, quotingMorrissey v. Brewer (1972), 408 U.S. 471, 489, 92 S.Ct. 2593,33 L.Ed.2d 484.
 {¶ 23} This Court has previous addressed what meets the requirement of a "written statement." In State v. Ferguson (1991), 72 Ohio App.3d 714, *Page 10 
595 N.E.2d 1011, we addressed a situation where the evidence adduced at the probation violation hearing only referred to one reason for the violation. We found that "[t]he trial court at the hearing and in its judgment entry stated that upon hearing all the evidence in the case * * * probable cause existed to find the appellant violated the terms of his probation. We concluded appellant was sufficiently informed of the reason his probation was revoked." State v. Ferguson,72 Ohio App.3d at 719.
 {¶ 24} The Ohio Supreme Court noted, in State v. Delaney (1984),11 Ohio St.3d 231, 465 N.E.2d 72, that oral explanations of the violation may satisfy this requirement. The Court found that:
 Although we do not condone the use of oral "explanations" in lieu of written statements detailing the basis for a trial court's determination in revocation proceedings, we find that, in this case, the trial court's statement sufficiently informed the appellant of the reasons for which his probation was being revoked, while also providing an adequate record for review on appeal.
State v. Delaney, 11 Ohio St.3d at 235.
 {¶ 25} It appears that McKeithen argues that he was denied a written statement of the evidence the trial court relied upon when revoking his community control. However, the proposed reasons for revoking McKeithen's community control were clearly articulated at the beginning of the revocation *Page 11 
hearing and in the Judgment Entry revoking his community control. Specifically the court stated:
 Specifically, it's alleged that you violated Probation Rule Number 15: that you not drink any type of alcoholic beverages. It's alleged that on or about February 8th, 2008 that you did consume alcohol.
 It's also alleged that you violated Probation Rule Number 16; that you submit for drugs [sic] and alcohol whenever you're asked to do so by your supervising Probation Officer. It's alleged that on or about February 19th, 2008 that you refused to submit to a drug and alcohol test.
 It's also alleged that you violated Probation Rule Number 18: that you successfully complete a halfway house program and any required after care. It's alleged that on or about April 15th, 2008 that you were unsuccessfully terminated from the Crossroads Center for Change in Mansfield.
 It's also alleged that you violated Probation Rule Number 22; that you pay $80.00 per month towards your financial obligations, and it's alleged that you've paid nothing.
(Tr.p. 3-4).
 {¶ 26} At the conclusion of the community control revocation hearing, McKeithen was informed that "[b]ased on the evidence, the Court will make a finding that the alleged violations of Community Control Sanctions have occurred." (Tr.p. 134). The trial court clarified this finding in its Judgment Entry as follows:
 Upon the stipulation of Defendant, the Court finds that the defendant did violate the conditions of his community control sanctions in the following respects: #15-I will not drink any type *Page 12 of alcoholic beverages. On or about 02/08/08, the defendant consumed alcohol. Upon this evidence presented, the Court finds that the defendant did violate the conditions of his community control sanctions in the following respects: #16-I will submit to testing for drugs or alcohol whenever I am asked to do so by my supervising probation officer. On or about 02/19/08, the defendant refused to submit to a drug and alcohol test. #18-I will successfully complete a halfway house program and any required aftercare. On or about 04/15/08, the defendant was unsuccessfully terminated from Crossroads Center for Change in Mansfield, Ohio. #22-I will pay $80.00 per month towards my financial obligations. The defendant has paid nothing.
(Emphasis in the original).
 {¶ 27} We find that the language in the Judgment Entry is sufficient to comply with the minimum due process standards as articulated inGagnon, Ferguson, and Delaney, and that McKeithen was sufficiently informed of the reasons for which his probation was being revoked. Accordingly, McKeithen's second assignment of error is overruled.
 {¶ 28} Based on the foregoing, the June 16, 2008 Judgment Entry of the Court of Common Pleas, Marion County is affirmed.
Judgment Affirmed
 PRESTON, P.J. and ROGERS, J., concur. *Page 1