OPINION *Page 2 
{¶ 1} Defendant-Appellant Kenneth Patierno ("Patierno") appeals from the March 21, 2008 Judgment Entry of the Court of Common Pleas, Defiance County, Ohio re-imposing the balance of his previously suspended four-year term of imprisonment for his conviction of Sexual Battery, a felony of the third degree in violation of Ohio Revised Code section 2907.03(A)(1).
 {¶ 2} On August 19, 2005 a Defiance County Grand Jury returned an indictment charging Patierno with one count of Rape, a felony of the first degree in violation of R.C. 2907.02(A)(2) and one count of Sexual Battery, a felony of the third degree in violation of R.C. 2907.03(A)(1). The indictment specifically provided, in relevant part, as follows:
 [o]n or about April 27, 2005 at Defiance County, Ohio, Kenneth M. Patierno did, engage in sexual conduct with another, not the spouse of the Defendant, the said Kenneth M. Patierno having knowingly coerced the victim to submit by means that would prevent resistance by a person of ordinary resolution, in violation of Section 2907.03(A)(1) of the Ohio Revised Code, Sexual Battery, a Felony of the Third Degree . . .
 {¶ 3} On August 26, 2005 Patierno appeared for his arraignment and entered a plea of not guilty to both charges contained in the indictment. On November 17, 2005 Patierno and the State entered into a plea agreement where Patierno agreed to enter a plea of guilty to the offense of Sexual Battery and the State agreed to dismiss the offense of Rape as charged in the indictment. The trial court accepted Patierno's plea and found him guilty of Sexual Battery in violation *Page 3 
of R.C. 2907.03(A)(1). The court ordered a pre-sentence investigation and continued this matter for sentencing.
 {¶ 4} On January 6, 2006 the trial court conducted Patierno's sentencing hearing and sex offender classification hearing wherein the court sentenced Patierno to a period of four years of community control for his conviction of Sexual Battery. The court also ordered Patierno to serve 60 days at the Corrections Center of Northwest Ohio with work release privileges. The court reserved a four year prison term in the event that Patierno violated the conditions of his community control. The court also found Patierno to be a "sexually oriented offender."
 {¶ 5} On February 10, 2006 the State filed a motion to revoke Patierno's community control. Specifically, the State alleged that Patierno associated with a convicted felon and violated the rules of his work release privileges. On February 27, 2006 Patierno waived his right to a probable cause hearing on the State's motion and the trial court set this matter for a final adjudicatory hearing. On March 13, 2006 Patierno waived his right to a final adjudicatory hearing and entered an admission to the violations of the terms of his community control as alleged in the State's motion. Although the trial court did not revoke Patierno's community control, the court ordered an additional special condition that Patierno attend and successfully complete the SEARCH Program. *Page 4 
 {¶ 6} On June 19, 2006 the State filed another motion to revoke Patierno's community control, wherein the State alleged that Patierno had failed to successfully complete the SEARCH Program. Specifically, the State alleged that Patierno was unsuccessfully discharged from the program on May 31, 2006 after violating program rules. On June 26, 2006 the trial court conducted a hearing on the State's motion. Patierno waived his right to both a probable cause hearing and final adjudicatory hearing and entered an admission to the violations of the terms of his community control as alleged in the State's motion. This matter proceeded to disposition and the court revoked Patierno's community control and imposed the balance of the previously reserved four-year term of imprisonment.
 {¶ 7} On February 26, 2007 Patierno filed a motion for judicial release pursuant to R.C. 2929.20. On April 11, 2007 the trial court conducted a hearing on Patierno's motion and on April 17, 2007 the trial court issued a Judgment Entry granting Patierno's motion for judicial release wherein the court specifically held as follows:
 Based upon all of the foregoing considerations, it is now therefore ORDERED that the balance of the four (4) year term previously imposed herein should be and the same is hereby SUSPENDED. The Court reserves the right to reimpose the prison term. The Defendant's four (4) year term of Community Control is reinstated under the Standard Terms and Conditions of Community Control together with the Special Conditions of Community Control as previously ordered on January 6, 2006 *Page 5 and journalized January 17, 2006.[1]
 {¶ 8} On December 21, 2007 the State filed a motion to revoke Patierno's community control wherein the State alleged that Patierno had failed to maintain his employment. In a Judgment Entry dated December 26, 2007, the trial court found that Patierno waived his right to a probable cause hearing on the State's motion. The court set this matter for a final adjudicatory hearing on January 24, 2008. On January 30, 2008 the State filed a supplemental motion to revoke community control wherein the State alleged that on December 27, 2007 Patierno had contact with a juvenile without express permission of his supervising officer.
 {¶ 9} At the January 24, 2008 hearing, Patierno waived his right to a final adjudicatory hearing and entered an admission to violating his community control by failing to maintain his employment as alleged in the State's December 21, 2007 motion. The court accepted Patierno's admissions and continued this matter for disposition. (See January 31, 2008 Judgment Entry).
 {¶ 10} On March 14, 2008 the trial court conducted a hearing wherein the court first advised Patierno of his right to a probable cause and final adjudicatory *Page 6 
hearing on the State's January 30, 2008 supplemental motion to revoke community control. Patierno waived his right to both the probable cause hearing and final adjudication hearing and entered an admission to the allegations contained in the State's supplemental motion. (See March 21, 2008 Judgment Entry). This matter proceeded to disposition on the State's motion to revoke community control and supplemental motion to revoke community control. At the close of statements by the parties, the court entered an order revoking Patierno's community control and re-imposing the balance of his previously suspended four-year term of imprisonment for his conviction of Sexual Battery.[2] Patierno was given credit for 532 days of incarceration previously served.
 {¶ 11} Patierno now appeals, asserting two assignments of error.ASSIGNMENT OF ERROR NO. 1
 THE COURT ERRED IN ADMITTING AND RELYING ON THE SUPERVISING OFFICER'S UNSWORN CLAIMS ABOUT OTHER ALLEGED COMMUNITY CONTROL VIOLATIONS.
 ASSIGNMENT OF ERROR NO. 2 MR. PATIERNO'S INDICTMENT IS DEFECTIVE BECAUSE IT FAILS TO STATE A MENTAL ELEMENT. *Page 7 
 Assignment of Error No. 1 {¶ 12} In his first assignment of error, Patierno alleges that the trial court erred by admitting and relying on Patierno's supervising officer's unsworn claims during the March 14, 2008 hearing regarding Patierno's additional alleged community control violations.
 {¶ 13} A community control revocation hearing is not a criminal trial, so the state is not required to establish a violation of the terms of community control "beyond a reasonable doubt." State v. Ryan, 3rd Dist. No. 14-06-55, 2007-Ohio-4743 citing State v.Hylton (1991), 75 Ohio App.3d 778, 600 N.E.2d 821. Instead, the state must show "substantial" proof that the offender violated the terms of his or her community control sanctions. State v. Alexander, 3rd Dist. No. 14-07-45, 2008-Ohio-1485 citingRyan, supra.
 {¶ 14} A trial court's decision finding a violation of community control will not be disturbed on appeal absent an abuse of discretion.Id. citing Ryan, supra. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 15} Additionally, "although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding."Gagnon v. *Page 8 Scarpelli (1973), 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656. The minimum due process requirements for final revocation hearings are as follows:
 (a) Written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and the reasons for revoking [probation or] parole.
State v. Ryan, supra at ¶ 8 citing State v. Miller (1975),42 Ohio St.2d 102, 104, 326 N.E.2d 259, quoting Morrissey v. Brewer (1972),408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484.
 {¶ 16} Furthermore, community control revocation hearings are not subject to the rules of evidence, thus allowing for the admission of hearsay evidence. Evid. R. 101(C)(3). "The rationale for the exception is that, since a probation revocation hearing is an informal proceeding, not a criminal trial, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the probationer has violated the conditions of his probation." Columbus v. Bickel (1991),77 Ohio App.3d 26, 36, 601 N.E.2d 61 citing State v. Miller (1975),42 Ohio St.2d at 106.
 {¶ 17} At the March 14, 2008 hearing, the State provided the court with a summary of Patierno's community control violations, and opined that "there has *Page 9 
been a series of problems related to his [Patierno's] supervision" and that it was the State's position that "he is simply not amenable to supervision." The State recommended that the court revoke Patierno's community control and impose the balance of the four year prison term.
 {¶ 18} The court then inquired of Patierno's probation officer whether he had any input. Mr. Scribner ("Scribner") stated that in addition to the State's description of Patierno's community control violations, there had been other incidents that formal action was not taken on. Specifically, Scribner referenced incidents where Patierno was at a child's birthday party without permission, where Patierno was at his girlfriend's residence where there was a child present, and where Patierno admitted in a counseling evaluation that he continued to live with his girlfriend without notifying his probation officer. Additionally, Scribner stated that Patierno had been with a 16 year old girl and that Patierno had gone shopping with this girl and her sister. Scribner also advised the court that Patierno "continues to struggle with securing and retaining employment" and that he "also struggles with being totally honest and adhering to probation rules and restrictions."
 {¶ 19} In response, Patierno stated that the claims made by Scribner were false. Specifically, Patierno stated that he worked at Wendy's restaurant for a couple of days (contrary to Scribner's statement that Patierno only attended orientation), that the age of the girl Scribner referenced was false, and that he *Page 10 
never went on a shopping trip with his girlfriend and her sister. Patierno then asked the court for leniency and requested work release instead of prison time.
 {¶ 20} At the close of statements by the parties, the trial court noted that "we tried you in the work release program and you screwed it up" and stated that Patierno "lied about where you were and lied about what you were doing." The court then determined that Patierno was not amenable to supervision and revoked Patierno's community control and re-imposed the balance of his prison term.
 {¶ 21} On appeal, Patierno specifically argues that "[t]hese other violations, although not established with sworn testimony or other reliable evidence, certainly influenced the Court's decision to revoke Mr. Patierno's community control and re-impose the entire balance of his four (4) year prison term." Additionally, Patierno argues that a lesser prison term would have been appropriate, based upon the nature of the less serious violations he admitted to.
 {¶ 22} However, our review of the record reveals that these arguments fail for a number of reasons. First, we note that the record is silent as to what weight, if any, the trial court placed upon Scriber's testimony regarding any additional alleged probation violations. In fact, there is no evidence in the record to suggest that additional claims beyond those issues raised in the State's December 21, 2007 and January 30, 2008 motions to revoke community control served as bases for the re-imposition of the balance of Patierno's previously reserved four year prison term. Additionally, we note that the trial court's March 21, 2008 Judgment Entry *Page 11 
does not even summarize or otherwise reflect the specific testimony presented at the March 14, 2008 dispositional hearing.
 {¶ 23} Next, we note that in a community control violation hearing, the trial court, being in the better position to observe the witnesses and hear their testimony, is entitled to deference on issues of witness credibility and weight of the evidence. State v. Alexander, supra, citing Ryan, supra at ¶ 7, citing State v. Miller, 10th
Dist. No. 03-AP-1004, 2004-Ohio-1007. See also State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212. In the present case, we find that the trial court was in the better position to assess witness credibility and find that the court apparently chose to believe the testimony presented by Scribner instead of Patierno.
 {¶ 24} Finally, we note that "the privilege of probation rests upon the probationer's compliance with the probation conditions andany violation of those conditions may properly be used to revoke the privilege." State v. Bell (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. (Emphasis added). Our review of the record reveals that Patierno waived his right to both probable cause and final adjudicatory hearings and tendered admissions to the violations contained in the State's December 21, 2007 motion to revoke community control. (See December 26, 2007 and January 31, 2008 Judgment Entries). Additionally, Patierno waived his right to probable cause and final adjudicatory hearings and tendered admissions to the violations contained in the State's January 30, 2008 *Page 12 
supplemental motion to revoke community control. Accordingly, notwithstanding the nature of the violations Patierno admitted to, he still violated the terms and conditions of his community control and admitted said violations. As any violation may be used to revoke the privilege of community control, we find that the trial court was well within its right to revoke Patierno's community control and re-impose the balance of his previously reserved prison term.
 {¶ 25} Based on the foregoing, we find that Patierno's history of community control violations as well as his admissions to the most recent violations could each have served as the basis for the trial court's re-imposition of Patierno's prison term. Therefore, we find that the trial court did not abuse its discretion when it may or may not have relied on Patierno's supervising officer's claims regarding additional alleged community control violations. Accordingly, Patierno's first assignment of error is overruled.
 Assignment of Error No. 2 {¶ 26} In his second assignment of error, Patierno alleges that his indictment was defective for failing to allege an applicable culpable mental state. In support of his second assignment of error, Patierno relies on the recent Ohio Supreme Court case of State v. Colon (2008),118 Ohio St.3d 26, 2008-Ohio-1824.
 {¶ 27} In Colon, the Ohio Supreme Court addressed the issue of whether a defect in an indictment is waived by a defendant on appeal when the indictment failed to specify a required mens rea element of the crime and the defendant failed *Page 13 
to object to the defective indictment in the trial court.Colon, 118 Ohio St.3d at 27. In Colon, a Cuyahoga County Grand Jury returned an indictment charging the defendant with Robbery in violation of R.C. 2911.02(A)(2) as follows: "in attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense upon [the victim, the defendant did] inflict, attempt to inflict, or threaten to inflict physical harm on [the victim]." Id. at 27. The Court noted that although the robbery statute did not expressly state the degree of culpability required for subsection (2), the mental state of the offender is a part of every criminal offense in Ohio, except those that plainly impose strict liability. Id. at 28. Additionally, the Court noted that R.C. 2901.21(B) addresses statutes that do not expressly state a culpable mental state and provides that recklessness is the culpable mental state for criminal statues that fail to mention any degree of culpability, except for statutes where there is a plainly indicated purpose for strict liability to apply. Id.
 {¶ 28} In Colon, the Ohio Supreme Court determined that Colon's indictment omitted an essential element of the crime of Robbery by failing to charge a mens rea; specifically, that the defendantrecklessly inflicted, attempted to inflict, or threatened to inflict physical harm. Therefore, because the indictment failed to charge a mens rea element, the Court held that the error was a structural error and constitutional defect that did not require an objection at the trial court in order to preserve the issue on appeal. Colon, supra. *Page 14 
 {¶ 29} In the present case, Patierno was indicted, in relevant part, on one count of Sexual Battery pursuant to R.C. 2907.03(A)(1) which provides that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply: [t]he offender knowingly coerces the other person to submit to any means that would prevent resistance by a person of ordinary resolution."
 {¶ 30} Patierno argues that based on Colon, his indictment was flawed because although it stated "knowingly" with respect to coercing the victim, it did not specifically state any mental element with respect to the term "engaging in sexual conduct" as contained in the offense of Sexual Battery.
 {¶ 31} We note that the offense of Sexual Battery, as set forth in R.C. 2907.03 provides that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when any of the followingapply: (1) [t]he offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution." A review of this statutory language reveals that the offense of Sexual Battery does not occur until such time as one of the applicable subsections is specified, each of which states the requisite mental culpability. Thus, in the present case, there is no offense without the knowing coercion of the victim. Accordingly, there is no reason to have a culpable mental state associated with the term "engaging in sexual conduct" which standing alone does not constitute any offense. *Page 15 
 {¶ 32} Moreover, an examination of the facts of this case reveals that the present case does not involve the R.C. 2901.21(B) scenario at issue in Colon which led to the Supreme Court of Ohio's determination in that case that the indictment was defective. As previously stated, the defendant in Colon was charged with Robbery in violation of R.C. 2911.02(A)(2) which does not specify a mental state for the act of inflicting, attempting to inflict, or threatening to inflict physical harm. In Colon, the prosecution conceded that their indictment was defective, presumably because it did not specify recklessness as the "default" mens rea pursuant to R.C. 2901.21(B). In the present case, we note that the State did not concede that the indictment was defective. In fact, Patierno's indictment mirrored the statutory language of R.C. 2907.03(A)(1) when it alleged that Patierno "did engage in sexual conduct with another, not the spouse of the Defendant . . . having knowingly coerced the victim to submit by means that would prevent resistance by a person of ordinary resolution." Thus, it is clear that Patierno's indictment specified the requisite degree of culpability contained in the offense of Sexual Battery, that of "knowingly."
 {¶ 33} Furthermore, our review of the record reveals that Patierno was provided with adequate notice of the crime he was charged with, the specific details of the crime it was alleged he committed, and the manner in which it was alleged to have been committed. Accordingly, we find that both the charge and the facts of the present case can be distinguished from Colon and therefore do not *Page 16 
warrant a finding of structural error in this case. Therefore, Patierno's second assignment of error is overruled.
 {¶ 34} Based on the foregoing, the March 21, 2008 Judgment Entry of the Defiance County Court of Common Pleas is affirmed.
Judgment Affirmed
 WILLAMOWSKI and ROGERS, J.J., concur.
[1] We note that because Patierno was granted early judicial release, R.C. 2929.20 governs the terms of his judicial release. Pursuant to R.C. 2929.20(I), if a trial court grants judicial release to an eligible offender, the court "shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction." Although the trial court is required to impose "an appropriate community control sanction", the fact remains that the offender is serving judicial release, not community control. As such, the trial court has no authority to "reinstate" the original term of community control as the trial court appeared to do in the present case. Thus, whatever term was imposed upon Patierno by the trial court in this case was imposed pursuant to the R.C. 2929.20, the judicial release statute, and not R.C. 2929.19, the community control statute.
[2] Although not specifically stated in the trial court's March 21, 2008 Judgment Entry, we note that the trial court's revocation of Patierno's community control was technically a revocation of the community control sanctions previously ordered by the court as a term of Patierno's judicial release. Accordingly, upon revocation of a term of judicial release, the sentence imposed is imposed pursuant to the judicial release statute and must comply with that statute. Therefore, the trial court has no discretion as to what sentence to impose upon the offender once the court has determined that revocation is appropriate and the court may only reimpose the original prison term (with full credit for all time served). R.C. 2929.20(I). *Page 1