OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Tremayne A. Wilson, appeals the judgment of the Allen County Court of Common Pleas denying his motion to vacate, set aside, or modify the trial court's judgment of conviction and sentence. On appeal, Wilson argues that the trial court erred in denying his motion because his indictment omitted the mental state of "knowingly", thereby resulting in a structural error under State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624, and rendering his conviction void ab initio. Based on the following, we affirm the judgment of the trial court.
 {¶ 3} In June 2006, the Allen County Grand Jury indicted Wilson on two counts of rape of a victim less than thirteen years of age by force or threat of force in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The indictment arose from an incident during which Wilson engaged in sexual intercourse with his twelve-year-old daughter. Subsequently, Wilson entered a plea of not guilty to both counts of the indictment.
 {¶ 4} In October 2006, pursuant to a plea agreement, the State amended the indictment to remove the language alleging force or threat of force from both *Page 3 
counts, and Wilson withdrew his plea of not guilty and entered a plea of guilty to both counts of the indictment.
 {¶ 5} In November 2006, the trial court sentenced Wilson to a seven-year prison term on count one of the indictment and a nine-year prison term on count two of the indictment, with the sentences to be served consecutively, for a total prison term of sixteen years.
 {¶ 6} Subsequently, Wilson's appellate counsel filed a brief in this Court pursuant to Anders v. California, (1967) 386 U.S. 738, seeking leave to withdraw representation due to a lack of meritorious issues to present on appeal.
 {¶ 7} In June 2007, this Court granted counsel's motion for leave to withdraw from representation and dismissed the appeal, finding no arguable issue for review.
 {¶ 8} In August 2008, Wilson filed a pro se "motion to vacate, set aside or modify judgment of conviction and sentence," asserting that, because the indictment charging him with two counts of rape omitted the required culpable mental state of "knowingly", a structural error resulted pursuant to Colon, 118 Ohio St.3d 26, ("Colon I "), thereby rendering his subsequent conviction void.
 {¶ 9} The trial court overruled Wilson's motion, finding thatColon I was inapplicable to Wilson's conviction and sentence, as his conviction occurred prior *Page 4 
to the Supreme Court's decision in Colon, and Colon I was not retroactive in nature.
 {¶ 10} It is from this judgment that Wilson appeals, presenting the following pro se assignment of error for review.
 THE TRIAL COURT COMMITTED AN ERROR OF LAW BY DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR MODIFY JUDGMENT OF CONVICTION AND SENTENCE.
 {¶ 11} In his sole assignment of error, Wilson argues that the trial court erred by dismissing his motion to vacate or set aside his conviction and sentence. Specifically, Wilson asserts that the trial court was without subject matter jurisdiction and, consequently, that his conviction and sentence are void because the indictment charging him with two counts of rape failed to charge the culpable mental state of "knowingly". Furthermore, Wilson contends that this faulty indictment resulted in a structural error under Colon which was not waived by his failure to assert the error with the trial court.
 {¶ 12} Before addressing Wilson's assignment of error, we must first determine if the trial court had jurisdiction to consider his motion, which is ultimately a petition for postconviction relief.
 {¶ 13} R.C. 2953.21 provides the requirements for a postconviction relief petition and states as follows: *Page 5 
 (A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * *
 (2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * * . If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 14} The applicable exception to the one hundred eighty-day filing requirement for a postconviction relief petition is contained in R.C. 2953.23(A)(1)(a) and (b) and requires the petitioner to demonstrate that he was "unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief," and that "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which [he] was convicted."
 {¶ 15} Moreover, a claim raised in a postconviction relief petition will be barred by res judicata where that claim was or could have been raised on direct appeal. State v. Reynolds, 79 Ohio St.3d 158, 161,1997-Ohio-304; State v. Morgan, 3d Dist. No. 17-08-16, 2008-Ohio-5194, ¶ 8.
PGPage 6
 {¶ 16} Here, Wilson's appellate counsel filed an Anders brief over a year before Wilson filed his postconviction relief petition, thereby making the filing of his petition well outside the one hundred eighty-day time requirement of R.C. 2953.21. Additionally, there are no facts in Wilson's petition alleging that he was unavoidably prevented from discovering the defect in his indictment, thereby preventing him from meeting the one hundred eighty-day filing requirement exception contained in R.C. 2953.23. Furthermore, the Anders brief filed by Wilson's appellate counsel failed to assert an error relating to the indictment, an error that could have been raised in the direct appeal. Consequently, Wilson's postconviction relief petition is both barred by res judicata and untimely under R.C. 2953.21 and 2953.23, and the trial court was without jurisdiction to entertain the petition.
 {¶ 17} Although we have determined that Wilson's postconviction relief petition is untimely and barred by res judicata, we elect to briefly address the merits of his appeal. Wilson contends that the defect in his indictment was a structural error under Colon, 118 Ohio St.3d 26, and therefore, that he did not waive the error by failing to raise it to the trial court.
 {¶ 18} The Supreme Court of Ohio in Colon I, supra, found that a defect in an indictment is not waived for purposes of appeal when the indictment fails to charge the proper mental state of the crime and the defendant fails to object to the *Page 7 
defective indictment in the trial court, as such an omission is a structural error and a constitutional defect. See State v.Patierno, 3d Dist. No. 4-08-08, 2009-Ohio-410, ¶ 27-28.
 {¶ 19} In State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749
("Colon II "), the Court clarified its finding in Colon I, first statingColon I was prospective in nature and only applied to those cases pending on the date of that decision. Furthermore, the Court stated that the holding of Colon I was confined to the facts of that case, and that "applying structural-error analysis to a defective indictment is appropriate only in rare cases, such as Colon I, in which multiple errors at the trial follow the defective indictment." Id. at 205.
 {¶ 20} Additionally, in State v. Gant, 3d Dist. No. 1-08-22,2008-Ohio-5406, ¶ 13, this Court found that any Colon-type error in an indictment is waived when a defendant pleads guilty, as "the Court inColon [did not overrule] the longstanding waiver rules with regard to guilty pleas."
 {¶ 21} Looking at the merits of Wilson's appeal, we find that his assignment of error fails for multiple reasons. First, the ruling inColon I does not apply to his case, as Colon I was prospective in nature only, and he was convicted and sentenced prior to that decision. Second, even if Colon was applicable to his indictment, he waived any potential error by entering a guilty plea. Third, even if Colon applied and the error had not been waived, no Colon error is present. The *Page 8 
rape of a victim under the age of thirteen is a strict liability offense under R.C. 2907.02(A)(1)(b). State v. Nicodemus, 10th Dist. No. 96APA10-1359, 1997 WL 254095; State v. Moore, 8th Dist. No. 83692,2004-Ohio-5732, ¶ 16; In re Williams, 1st Dist. Nos. C-990841, C-990842,2000 WL 1867467. Consequently, there can be no Colon-type error for an indictment that fails to charge a culpable mental state where no mental state is required for the commission of the offense.
 {¶ 22} Therefore, because we find that Wilson's motion to vacate the trial court's judgment of conviction and sentence was an untimely postconviction relief petition and was barred by res judicata; thatColon does not retroactively apply to his case; that no Colon error occurred; and, that he waived any potential Colon error by pleading guilty to the indictment, we find that the trial court did not err in overruling Wilson's motion.
 {¶ 23} Accordingly, we overrule Wilson's assignment of error.
 {¶ 24} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 Preston, P.J. and Willamowski, J., concur.