**[Cite as *State v. Hurley*, 2010-Ohio-3668.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HARDIN COUNTY

**STATE OF OHIO,**                                    **CASE NO. 6-10-02**

    **PLAINTIFF-APPELLEE,**

  **v.**

**KELLIE M. HURLEY**                                    **O P I N I O N**
**aka KELLIE M. BAILEY,**

    **DEFENDANT-APPELLANT.**

---

**STATE OF OHIO,**                                    **CASE NO. 6-10-03**

    **PLAINTIFF-APPELLEE,**

  **v.**

**KELLIE M. HURLEY,**                                    **O P I N I O N**
**aka KELLIE M. BAILEY,**

    **DEFENDANT-APPELLANT.**

---

**Appeal from Hardin County Common Pleas Court**
**Trial Court Nos. 20082120 CRI, 20082127 CRI**

**Judgment Affirmed**

**Date of Decision: August 9, 2010**

---

**APPEARANCES:**

    *Todd A. Workman,* **for Appellant**

    *Maria Santo,* **for Appellee**

**WILLAMOWSKI, P.J.,**

{¶1} Defendant-Appellant, Kellie M. Hurley, aka Kellie M. Bailey (hereinafter "Appellant"), appeals the judgment of the Hardin County Court of Common Pleas finding her in violation of conditions of her community control sanctions and, accordingly, revoking her community control. For the reasons set forth below, the judgment is affirmed.

{¶2} On June 11, 2008, in Case No. 20082120 ("Case 1"), the Hardin County Grand Jury indicted Appellant on one count of breaking and entering, in violation of R.C. 2911.13(B), a felony of the fifth degree; and one count of grand theft of a motor vehicle, in violation of R.C.2913.02(A)(1),(B)(2), a felony of the fourth degree. In another case, on July 8, 2008, Case No. 20082127 ("Case 2"), the Hardin County Grand Jury indicted Appellant on one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree; one count of grand theft, in violation of R.C.2913.02(A)(1),(B)(2), a felony of the fourth degree; one count of criminal damaging, in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree; fourteen counts of grand theft of a firearm with a firearm specification, in violation of R.C. 2913.02(A)(1),(B)(4) and R.C 2941.141(A), felonies of the third degree; and one count of engaging in a pattern of corrupt activity, in violation of R..C. 2923.32(A)(1),(B)(1), a felony of the first degree.

{¶3} On January 21, 2009, pursuant to a plea agreement, Appellant entered a plea of guilty to the grand theft of a motor vehicle count in Case 1. Appellant also pled guilty to the burglary count and the fourteen counts of grand theft of firearms, without the specifications, in Case 2.

{¶4} The combined sentencing hearing on the two cases was held on May 19, 2009. In Case 1, the trial court placed Appellant on three years of community control, but informed her that a violation of any of the terms of supervision could lead to a more restrictive sanction, a longer sanction, or a definite prison term of seventeen months. In Case 2, the trial court also placed Appellant on three years of community control for each of the fifteen counts, with the same warning that any violation of the terms of supervision could result in increased sanctions or a definite prison term (of two years in prison for the burglary, and one year in prison for each of the fourteen firearm thefts). The trial court informed Appellant that if she violated the terms of her community control, the sentences for each count of Case 2 were to run consecutively to each other and were also to run consecutively to the term in Case 1, for a total of seventeen years and five months in prison.

{¶5} On December 29, 2009, the State filed a motion to revoke supervision alleging that Appellant had tested positive for opiates, which was lab verified as heroin. This was in violation of community control provision number one, requiring that she "obey federal, state, and local laws and all court orders, and agree to conduct [herself] as a responsible law abiding citizen." It was also a

violation of condition of supervision number six, that she "not purchase, use, or have under [her] control any controlled substance or illegal drug ***" and that she further agrees to submit to drug testing.

{¶6} On January 12, 2010, a revocation hearing was held and Katie Baier ("Baier"), Appellant's community control officer, testified concerning the results of the drug test and answered other questions concerning Appellant's conduct during the seven months that she had been under community control. In addition to testimony concerning the drug test, Baier also testified that Appellant had not paid anything towards the ordered restitution and court costs; that Appellant would sometimes go months at a time without personally reporting as required; and that Appellant had been picked up in Kenton for transporting heroin. Although the disposition of the case for transporting heroin was still pending, Appellant was in violation for not reporting this arrest. Baier testified that Appellant claimed she was unable to appear for several of her reporting dates because she was ill. Appellant apparently had a pattern of going to the emergency room the day before a reporting date and then calling to reschedule because of illness. There was also testimony that Appellant had been charged with transporting a controlled substance into a prison or lock-down facility in Marion County, although that offense had been committed prior to the beginning of community control but while she was on bond pending sentencing in these cases. The community control

officer testified that, in her professional option, Appellant was not amenable to any future community control.

{¶7} The trial court found that Appellant had violated the rules of supervision and that she was not amenable to continued community control sanctions. The trial court then proceeded to impose the prison sentences that had previously been specified in the two cases, ordering Appellant to serve a total of seventeen years and five months in prison. The sentence was journalized on January 14, 2004. It is from this judgment that Appellant now appeals, setting forth the following three assignments of error for our review.

### First Assignment of Error

**Defendant-Appellant was denied of Due Process when the state submitted evidence of community control violations without previously providing Defendant-Appellant written notice of the alleged violations and without providing disclosure of the evidence against her.**

### Second Assignment of Error

**Defendant-Appellant was denied of Due Process when the trial court failed to make written findings of facts and conclusions of law.**

### Third Assignment of Error

**Defendant-Appellant was denied effective assistance of counsel at all stages of the criminal proceedings against her.**

{¶8} In the first assignment of error, Appellant complains that she was denied her due process rights because the State's affidavit/motion merely cited one

violation, that Appellant had tested positive for opiates, but that the State admitted evidence of several other violations at the hearing, namely criminal/drug-related activities in Hardin and Marion County; payment history of fines, costs, and restitution; reporting history; and community service compliance. Appellant complains that she did not receive notice of these additional allegations and that the State failed to disclose evidence of the additional violations prior to the hearing.

{¶9} This Court has held that while a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding. *State v. Ryan*, 3d Dist. No. 14-06-55, 2007-Ohio-4743, ¶8, citing *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656. Therefore, the minimum due process requirements afforded a defendant in a probation revocation proceeding differ from those in a criminal trial. *State v. McKeithen*, 3rd Dist. No. 9-08-29, 2009-Ohio-84, ¶22. The minimum due process requirements for revocation hearings are: (a) Written notice of the claimed violations; (b) disclosure of evidence against him or her; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revocation. Id., quoting *State v. Miller* (1975), 42 Ohio

St.2d 102, 104, 326 N.E.2d 259, quoting *Morrissey v. Brewer* (1972), 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484.

{¶10} At the revocation hearing, Appellant did not admit that she had violated any of the terms of her community control, so the State called her community control officer to testify. After questioning the officer about Appellant's positive drug test, the State continued to ask questions concerning Appellant's compliance with the terms of her supervision during the seven months she had been on community control. During this time, the information concerning Appellant's other areas of noncompliance were revealed. At the beginning of cross-examination, Appellant's counsel questioned the witness as to why the other violations were not listed as part of her affidavit in support of the motion to revoke. The officer stated that, at the time, the immediate matter was that Appellant had tested positive for heroin and the officer wanted her in custody as soon as possible so that she could no longer use. Appellant's counsel then proceeded to cross-examine the officer about the various incidents and allegations.

{¶11} Although Appellant's counsel raised the issue to the trial court concerning the propriety of admitting evidence of the additional violations, he did not object to the officer's testimony, and therefore, that matter was before the court. Appellant has waived the issue except for plain error.

{¶12} However, while the trial court commented that evidence was admitted without objection, the record clearly shows that the trial court was

cognizant of the fact that the only two issues that were properly before the court for purposes of determining revocation were the two violations associated with the positive drug test that were stated in the affidavit. The remaining violations that were discussed during the officer's testimony went to the matter of disposition and Appellant's amenability to community control. The trial court stated:

> **The Court agrees with [Appellant's attorney] that *the matter is coming before the Court on a limited basis as to allegations in the motion—affidavit* in that she tested positive for opiates which was verified, and that was a violation of condition of supervision one: I will obey federal, state, and local laws and all court orders, and agree to conduct myself as a responsible law abiding citizen. Also two, violation of condition of supervision six: Will not purchase, use, or have under my control any controlled substance or illegal drug \*\*\*. On December 8th the Defendant did test positive to opiates which was lab verified as heroin. \*\*\* And [Appellant's attorney] accurately states that's why we're here today -- *these two allegations*. \*\*\* The Court would have to find based upon the evidence before the Court that the Defendant has willfully violated *the two conditions as alleged in the affidavit*, it would find that she has, in fact, violated the rules of supervision.**

(Jan. 12, 2010 Transcript of Hearing on Supervision, pp. 25-26, emphasis added.) Concerning the evidence of additional violations, the trial court stated that "[w]hether we use it for purposes of disposition or whether we use it for purposes of showing a particular pattern in this particular Defendant's life is totally immaterial to this Court \*\*\*." Id.

{¶13} If the conditions of community control are violated, R.C. 2929.15(B) provides the trial court a great deal of latitude in sentencing the offender. *State v.*

*Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶20. "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Ohly*, 16 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, ¶19.

{¶14} It is evident from the record that the trial court distinguished between the evidence that determined whether Appellant violated the terms of supervision and the evidence that was used for disposition and to determine whether Appellant was amenable to further community control sanctions. Appellant has failed to establish any due process violation.

{¶15} Even if this was not the case, it still would not have amounted to plain error because Appellant failed to demonstrate that the outcome of the revocation proceeding would have been any different. Once it had been determined that Appellant had violated the terms of her supervision, it was within the trial court's sound discretion to revoke her community control. See *State v. South*, 3d Dist. No. 14-07-40, 2010-Ohio-983, ¶8. Her sentence was within the statutory range for the underlying offenses and Appellant was properly notified of the consequences of violating her community control sanctions. See id. at ¶7. Appellant's first assignment of error is overruled.

{¶16} In her second assignment of error, Appellant claims that she was denied due process because the trial court revoked Appellant's community control

without providing a written statement as to the evidence relied upon for revocation and the reasons why the trial court determined that she was no longer amenable to continued community control. A written statement by the fact finders as to the evidence relied on and reasons for revocation is one of the due process rights afforded defendants at revocation hearings. See *McKeithen*, supra, quoting *State v. Miller*, supra.

{¶17} The judgment entries in Case 1 and Case 2 did not provide detailed reasoning, but stated:

> **The Court hereby finds, based upon the evidence adduced, that Defendant has violated the terms of her Community Control Sanctions, and after giving Defendant the opportunity to speak, further finds that a prison sentence for such violations is consistent with the purposes and principles of sentencing under R.C. 2929.11 because a prison sentence is reasonably necessary to punish the offender and to deter, rehabilitate, and incapacitate the offender in order to protect the public from future crime \*\*\*.**
>
> **The Court finds that the offender is not presently amenable to any available combination of community control sanctions and that continued use of such sanctions would demean the seriousness of her misconduct while under community control.**

{¶18} This Court has previous addressed what meets the requirement of a "written statement." See *McKeithen*, 2009-Ohio-84, at ¶23-24, quoting *State v. Ferguson* (1991), 72 Ohio App.3d 714, 595 N.E.2d 1011:

> **We found that "[t]he trial court at the hearing and in its judgment entry stated that upon hearing all the evidence in the case \*\*\* probable cause existed to find Appellant violated the terms of his probation. We concluded appellant was sufficiently**

**informed of the reason his probation was revoked."** *State v. Ferguson*, **72 Ohio App.3d at 719, 595 N.E.2d 1011.**

**The Ohio Supreme Court noted, in *State v. Delaney* (1984), 11 Ohio St.3d 231, 465 N.E.2d 72, that oral explanations of the violation may satisfy this requirement. The Court found [at 235] that:**

**"Although we do not condone the use of oral 'explanations' in lieu of written statements detailing the basis for a trial court's determination in revocation proceedings, we find that, in this case, the trial court's statement sufficiently informed Appellant of the reasons for which his probation was being revoked, while also providing an adequate record for review on appeal."**

{¶19} The detailed reasons for revoking Appellant's community control were articulated at the revocation hearing, as quoted above in paragraph 12, and definitively informed Appellant of the exact reasons why her community control was being revoked. Furthermore, the trial court also discussed several reasons why she was not amenable to further community control. Additionally, when Appellant was given an opportunity to speak before disposition, she apologized and promised she would do whatever the court wanted her to do and there would not be "any more problems." The trial court responded:

**This could almost be a replay couldn't it Ms. Bailey? Didn't you say the exact same thing back on May 19th when I sentenced you on these matters? And I informed you of all the possibilities of the total time in prison you were gonna serve, and you assured me that you were gonna do everything you could to stay out of prison. Do you remember that conversation?**

**\*\*\***

**So, I'm not hearing anything different today ma-am. \*\*\***

-11-

(Jan. 12, 2010 Transcript of Hearing on Supervision, p. 30.)

**{¶20}** We find that the detailed reasons articulated in open court, along with the statements made in the judgment entry, are sufficient to satisfy Appellant's due process rights to be informed of the basis for the revocation of community control. The second assignment of error is overruled.

**{¶21}** In the third assignment of error, Appellant complains that she was denied effective legal assistance because her counsel failed to object to testimony he knew to be improperly submitted and detrimental to his client and he failed to bifurcate the hearings so that he could better prepare for the evidence of the additional violations, beyond what was alleged in the affidavit. He also did not offer any evidence at the disposition.

**{¶22}** The Supreme Court of Ohio has established a two-part test to determine if trial counsel was ineffective. First, the defendant must show that counsel's performance fell below objective standards of reasonable representation, and second, the defendant must show resulting prejudice. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. To show prejudice, the defendant must prove that there existed a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. *Bradley*, at paragraph three of the syllabus.

**{¶23}** A defendant must also overcome the presumption that counsel is competent and must show that counsel's decisions were "not trial strategies prompted by reasonable professional judgment." *State v. Dickinson*, 3d Dist. No. 11-08-08, 2009-Ohio-2099, ¶21, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Even unsuccessful tactical or strategic decisions will not constitute ineffective assistance of counsel. *State v. Carter*, 72 Ohio St.3d 545, 558, 1995-Ohio-104, 651 N.E.2d 965. An appellate court must review the totality of the circumstances and not isolated instances of an allegedly deficient performance. *State v. Stacy*, 3d Dist. No. 13-08-44, 2009-Ohio-3816, ¶20.

**{¶24}** This court has previously held that trial counsel's failure to object does not establish ineffective assistance of counsel. Id. at ¶21; *State v. Turks*, 3d Dist. No. 1-08-44, 2009-Ohio-1837, ¶43, citing *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶103. Trial counsel's failure to object is generally viewed as trial strategy and does not, by itself, establish ineffective assistance. *State v. Gumm*, 73 Ohio St.3d 413, 428, 1995-Ohio-28, 653 N.E.2d 253.

**{¶25}** Appellant's counsel did not object to the community control officer's statements at the time they were made, but he did raise the issue to the trial court, and the record demonstrates that the trial court agreed with Appellant's counsel and only considered the evidence that pertained to the violations stated in

the affidavit/motion. See discussion re first assignment of error, supra ("The Court agrees with [Appellant's attorney] that the matter is coming before the Court on a limited basis as to allegations in the motion—affidavit \*\*\*.") Appellant's counsel thoroughly cross-examined the witness and strongly advocated on Appellant's behalf. When questioned directly by the trial court, Appellant herself admitted to some of the transgressions. Appellant's counsel's failure to object did not prejudice Appellant.

{¶26} Likewise, as to the bifurcation issue, there is nothing in the record which demonstrates that the trial court would have found that Appellant was still amenable to community control if the officer's testimony had been admitted at a separate disposition proceeding. Appellant's counsel cross-examined the community control officer, Appellant had an opportunity to speak on her behalf, and there was no indication that there was any evidence that Appellant's counsel could have admitted that would have changed the outcome of the proceeding. Appellant's third assignment of error is overruled.

{¶27} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jnc**

-14-